(28 Misc. Rep. 278.)

In re LYMAN.

(Supreme Court, Special Term, Fulton County.   July, 1899.)

INTOXICATING LIQUORS—LOCAL OPTION—REVOCATION OF LICENSE.
    Where a town has voted against liquor licenses, under Laws 1892, c.
    401, § 28, permitting local option, a certificate issued in good faith by the
    county treasurer, before he learned of the action of the town, to an appli-
    cant who was aware of such action when he applied for a license, is sub-
    ject to revocation, and the loss of fees must fall on the licensee.

Application by Henry H. Lyman, state commissioner of excise, for an order canceling and revoking a liquor tax certificate issued to Jessie O. Wells.   Granted.

W. E. Schenck, for applicant.
John M. Kellogg, for respondent.

STOVER, J.   This is a special proceeding under section 28 of the liquor tax law (Laws 1892, c. 401) to revoke a certificate granted by the county treasurer.   At the annual town meeting held in the town of Louisville, St. Lawrence county, on the 14th day of February, the electors of the town voted upon the four local option questions submitted to them under the provisions of the liquor tax law, and a majority of the votes cast upon each of the propositions was in the negative, and the result was announced at the close of such town meeting.   It appears by the moving papers that on or about the 15th day of February a duplicate statement of the result was made, and on or before the 1st day of May such statement was filed, one in the office of the county treasurer of St. Lawrence county, and the other mailed to the office of the excise department.   The allegation of the county treasurer is that the notice had never been served on him, and that at the time the certificate was issued he had no knowledge that the town had taken any action at the February meeting.   In the application made by the respondent herein, the question as to whether he could legally traffic in liquors at this place is not answered, and upon the argument of the motion it is stated that he at that time knew of the action of the town meeting, but relied upon the fact that he had received the blanks some time before from the county treasurer, and the advice of a justice of the peace that he could get the certificate.   I am forced to the conclusion that at the time the application was made the applicant knew of the action of the town meeting, and that he could not legally carry on the traffic at the place specified in his application, and that the reason he failed to answer such question was because of such

knowledge on his part. The question, therefore, of the good faith of the applicant, must be held against him. The question as to whether the business may be carried on in a town where no license has been voted for by the people is not dependent upon the act of the clerk, nor can the good faith of the county treasurer in issuing a certificate protect an applicant. I know of no way that the court, upon such an application as this, can undertake to protect an applicant against the consequences of an application which he knew was unauthorized when he made it. To refuse the application to cancel the certificate, it seems to me, would be a plain violation of duty. If the consequence of the cancellation of the certificate is the loss of the fees paid, it is a loss due entirely to the action of the applicant himself, and one which he must bear. The application must be granted, but, under the circumstances, without costs.

Application granted, without costs.