WILLIAM H. VANAMAN, PROSECUTOR, v. RURIC N. ADAMS.

Submitted June 16, 1906.—Decided November 12, 1906.

The Court of Common Pleas cannot revoke a hotel license after the day upon which it is granted, except for statutory causes or upon the ground of fraud.

On *certiorari.*

Before Justices HENDRICKSON and PITNEY.

For the prosecutor, *Baker & Harris.*

For the defendant, *Harry S. Douglass.*

The opinion of the court was delivered by

PITNEY, J. This *certiorari* brings under review an order made by the Court of Common Pleas of Cape May county on May 16th, 1906, whereby a license granted to the prosecutor on April 11th was revoked.

The case shows that at the April Term Vanaman made application to the Common Pleas for a hotel license in the borough of Holly Beach. Appended to his application was a certificate signed by twelve persons who alleged themselves to be freeholders of the township, and an affidavit made by the applicant setting forth that the application was signed by at least twelve freeholders of the township, of whom at least six were freeholders of the borough within which the hotel is situate. The application was presented to the court on the opening day of the term, and a license was granted on the following day.

Six days later Adams, the respondent herein, presented to the Court of Common Pleas a petition setting forth that Vanaman's application was not recommended by twelve freeholders, and that the court had been imposed upon in the

granting of the license.   Thereupon a rule to show cause was made why the order granting the license should not be reconsidered, and upon the return of this rule the Court of Common Pleas made the order revoking the license, of which order reversal is now sought.

Upon allowance of the writ of *certiorari* this court made an order calling upon the judge of the Court of Common Pleas to certify the facts upon which he based his decision revoking the license and the substance of the evidence upon which such facts were found.

In obedience to this order the judge has certified that it was proved before him that five of the persons who signed Vanaman's recommendation were not freeholders, and that some of them at least represented to Vanaman that they were freeholders.   There is no finding by the Court of Common Pleas that Vanaman was guilty of any fraud in the matter. Upon the evidence that is certified we should have difficulty to find fraud.   Moreover, our review by *certiorari* is limited to questions of law, and it is not for this court to seek out grounds upon which the court below might have determined that a fraud was perpetrated when the court below made no finding to that effect.   From the judge's certificate it is to be gathered that his decision revoking the license was based upon the mere fact that the application of Vanaman was not recommended by a sufficient number of freeholders to warrant the granting of a license.

By previous decisions of this court it is held that the licensing body cannot revoke a license after the day upon which it is granted, except for statutory causes (*Gen. Stat., p.* 1791, *pl.* 23; *p.* 1813, *pl.* 140) or upon the ground of fraud.   *Lantz* v. *Hightstown*, 17 *Vroom* 102; *Decker* v. *Board of Excise*, 28 *Id.* 603.

The order under review must therefore be reversed.   Under the circumstances, however, the reversal will be without costs.

And since the want of a recommendation signed by a sufficient number of qualified freeholders furnishes a ground for this court to review on *certiorari* the granting of a license (*Bachman* v. *Town of Phillipsburg,* 39 *Vroom* 552), the

entry of the order of reversal herein will be stayed for a reasonable time in order to allow the present respondent or other persons interested to apply for a *certiorari* to review the grant of the license to Vanaman.