## LEON MERCANTILE COMPANY v. D. J. ANDERSON ET AL.

### Decided June 19, 1909.

**Liquor Dealer—Illegal License—Creditor.**

Where a liquor dealer's license was issued in the name of S., but the money to pay for it was furnished by A., who owned the business carried on under the license and was in actual possession, the fact that the agreement between them was contrary to law and, therefore, the license was subject to cancellation in any proper action taken in the name of the State, did not entitle a judgment creditor of S. to take the license under execution. In a trial of the right of property A. could recover the license.

Appeal from the District Court of Freestone County. Tried below before Hon. L. B. Cobb.

*Wm. Watson* and *Jno. A. Newsom,* for appellant.—When a contract is entered into for fraudulent or illegal purposes, the law will aid neither party to enforce it, nor place them in statu quo by a rescission. Gourley v. Tyler, 15 S. W., 731; West v. Grand Lodge, 14 Texas Civ. App., 471; Seeligson v. Lewis, 65 Texas, 215.

Smith acquired possession of the property in controversy in this suit in furtherance of an illegal contract, made and entered into between himself and D. J. Anderson (appellee), in violation of the statutory law of this State, and for the purpose of evading the law, and thereby title to said property passed absolutely to said Smith, and was subject to levy and sale under execution by his (Smith's) creditors. Gourley v. Tyler, 15 S. W., 731; West v. Grand Lodge, 14 Texas Civ. App., 471; DeCourt v. Sproul, 66 Texas, 371; Todd

v. Fisher, 26 Texas, 239; Martin v. Brown, 62 Texas, 485; New York & Texas Land Co. v. Gardner, 11 Texas Civ. App., 404; Seeligson v. Lewis, 65 Texas, 215.

*D. T. Garth,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellant, Leon Mercantile Company (incorporated), recovered judgment against one T. H. Smith in the County Court of Leon County, Texas, on the 8th day of January, 1907, for $888.40. Execution was issued on the 2d day of September, 1907, and returned nulla bona. Alias execution was issued on said judgment to Freestone County, Texas, on the 16th day of September, 1907, and it was placed in the hands of the sheriff of said county of Freestone, who, on the 1st day of October, 1907, levied upon a liquor dealer's license issued by the authorities of Freestone County to T. H. Smith. D. J. Anderson filed an affidavit and bond for a trial of the right of property to the same and a trial resulted in judgment in favor of the claimant Anderson and defendant appeals.

There is neither a statement of facts nor bill of exceptions in the record. The trial judge filed conclusions of fact and law as follows:

"Conclusions of Fact and Law.

"Leon Mercantile Co.
.  vs.         No. 3737.       District Court, Freestone County.
D. J. Anderson et al.

"Suit to try the right of property in retail liquor dealer's license issued to T. H. Smith, in Freestone County, under laws of 1907, levied on in execution out of County Court of Leon County, upon judgment in favor of plaintiff against Smith on debt antedating the license.

"Defendant claimed the license on the ground that he provided the money to pay for same, and that though in Smith's name, the license was his property, and the business conducted, that of retail liquor dealer, was his.

"The plaintiff replied that defendant was a citizen of Navarro County, and hence incompetent to own the license and was estopped to claim same against plaintiff's levy."

The facts as found by the trial judge are, "That in July, 1907, T. H. Smith, by proceeding in his name, instituted by an attorney employed by defendant, procured the license, it being agreed by him and defendant that the license should be so procured, as I infer and find, to evade the law against the grant of license to nonresidents of the county, and that the business should be defendant's and the license, Smith to be engaged as his employe in the business.

"Smith owed the plaintiff and the debt had been put in judgment, in the sum of $888.40 and alias execution on said judgment was on the 1st day of October, 1907, levied on said license as the property of Smith. Defendant Anderson was, when the license was obtained, and yet is, a citizen of Navarro County. He provided the money to

procure and to pay for the license and owned the business carried on under the license in said Smith's name, and spent about three days in each week in the saloon and in charge of the business, at which times Smith was absent, while Smith had charge the other days in the week.

"Anderson was in actual charge and possession of the business and license when the levy was made.

"Plaintiff had no notice of the agreement of defendant with Smith, nor of defendant's ownership of the license, except such as might be inferred from his occupancy of the house and conduct of the business at the time of the levy.

"*Conclusions of Law.*—The agreement of defendant and Smith was contrary to law, and the license was open to cancellation in any proper action taken in the name of the State.

"The plaintiff was not a lienholder for value without notice of defendant's ownership of the license and therefore could not take defendant's property to pay Smith's debt.

"As the State did not elect to forfeit the license the plaintiff, in its private action (could not) enforce the penalty of violated law and take the benefit of the State's nonaction. L. B. Cobb, Judge."

The conclusions of law announce correct propositions and are adopted by this court. The judgment is affirmed.

*Affirmed.*