**MAHANEY v. CITY OF CISCO et al.** *
(No. 10434.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 25, 1922. Rehearing Denied Jan. 13, 1923.)

**1. Injunction ☞135—Refusal to issue temporary injunction without notice discretionary with trial judge.**

The granting or refusal of a temporary injunction or restraining order by a district judge on the application of the petitioner without notice to the defendant and without a hearing, even where sufficient grounds for an injunction on hearing are alleged, rests largely in the discretion of the district judge, to whom the application is presented.

**2. Appeal and error ☞954(1) — Appellate court will not reverse order refusing injunction, in absence of abuse of discretion.**

An appellate court will not reverse an order of a district judge refusing to grant an injunction on the presentation of the sworn petition without a hearing, unless it is shown that the district judge has abused his discretion.

**3. Licenses ☞38—When municipality may revoke occupational license.**

When an occupation is of such a character that a municipal corporation under a general grant of the police power is justified in regulating it in the interests of the public health, morals, safety or welfare, and, as an incident to such regulation, in requiring a license to be taken out by all who seek to engage therein, the power of the municipality to revoke such a license, whenever in the opinion of the municipal authorities the public interests require such action, is inherent, and may be exercised without previous notice to the holder of the license, and without affording an opportunity to be heard; in such case the licensee has no redress, provided the action of the municipal authorities was not arbitrary, tyrannical, unreasonable, or based upon false information.

**4. Licenses ☞38 — Municipality may revoke occupational license for any reason justifying refusal to issue license.**

A municipality may revoke a license to operate a motor bus for any reason which would have authorized it to refuse to issue the license in the first instance.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 28, 1923.

Suit by G. N. Mahaney against the City of Cisco and others to restrain enforcement of an order revoking petitioner's license. From an order refusing a temporary injunction until final hearing, petitioner appeals. Affirmed.

Cearley & Pearce, of Cisco, and Burkett, Orr & McCarty, of Eastland, for appellant.

Butts & Wright, of Cisco, for appellees.

BUCK, J. G. N. Mahaney applied to the district court of Eastland county for an injunction against the City of Cisco and its commissioners. He alleged that some time in May, 1922, a license was, issued to him by the city, authorizing him to run and operate a passenger motor vehicle, for which he paid $25. That the commissioners and the mayor of said city, without cause and without authority of law and in violation of the ordinances and statutes of said city, did, on August 26, 1922, at a special meeting of the commissioners, pass the following order, to wit:

"Be it remembered that at a special meeting of the city commission of the city of Cisco, Eastland county, Tex., held at the city hall of said city of Cisco, on the 6th day of October, A. D. 1922, with L. H. McCrea, Minter Womack, Ernest Hittson, J. B. Blitch, and R. L. Poe, commissioners, and J. M. Williamson, mayor, there was brought up before said body for consideration and determination the cancellation of the service car license issued by the city of Cisco to Newt Mahaney on the 15th day of May, 1922, said license granting to the said Newt Mahaney the right to operate a car for hire, or service car license in said city of Cisco.

"Due notice of such meeting having been given to the said Newt Mahaney to appear before said city commission at said meeting and show cause, if any, why said license should not be revoked, and, the said Newt Mahaney having failed to appear or to make answer before the said commission, it was moved, seconded, and unanimously passed that the peace, quietude, and morals of the City of Cisco would be best conserved by the revoking of said license heretofore referred to.

"It is accordingly the order and decree of the city commission of the city of Cisco, Eastland county, Tex., that the motor or service car license issued by the said city of Cisco, Eastland county, Tex., under date of May 15, 1922, to the said Newt Mahaney, be, and the same is hereby, revoked, and without further force and effect from and after a delivery to the said Newt Mahaney of a true copy of this revocation and order.

"The secretary is directed to forthwith issue a true and correct copy of this order, and to issue to Newt Mahaney the voucher of said city of Cisco for any amount that may be due by reason of the unexpired time that said license would run, and to deliver both said copy and voucher to the chief of police of said city of Cisco, and due return thereof make of the date so delivered to said chief of police, and the chief of police is directed to make due returns on a copy hereof showing service on the said Newt Mahaney.

"Passed.　　W. B. Statham, Secretary.

"Approved.　　J. M. Williamson, Mayor.

"I, W. B. Statham, secretary of the City of Cisco, do hereby certify that the above and foregoing is a true and correct copy of an order passed by the city commission of the city of Cisco at a special meeting called and held on the 6th day of October, 1922.

"Given under my hand and seal of office, this the 12th day of October, A. D. 1922.

"W. B. Statham,
"Secretary of the City of Cisco."

That in pursuance of said order directed against plaintiff, a copy of the same, together with a check or voucher in the sum of $13 purporting to be the balance due him as a refund on the license of the motor vehicle theretofore issued to the plaintiff, was sent to him, but he returned the same to the secretary of the city of Cisco.

Plaintiff further alleged that the action of the defendants in passing said order, revoking and canceling his license, was discriminatory, and in violation of the ordinances of the city itself and in violation of the laws of Texas, in that it permitted other service cars or motor vehicles to operate under a similar license for hire, and forbade this plaintiff to operate his car for hire. He alleged that the order constituted class legislation and was void; that he had never been convicted of any violation of the ordinances regulating the issuance and use of the license aforesaid, and specially that he had not violated the same in knowingly carrying in his motor vehicle intoxicating liquors to be used for beverage purposes, or in carrying women for immoral purposes. The ordinance prohibiting these acts provided, in addition to the fine to be imposed, that the person violating the same should have his license forfeited.

Plaintiff further alleged that he had always conducted his business of operating a service car for hire in accordance with the laws of the state of Texas and the ordinances of said municipal corporation, and at no time had he been guilty of any violation thereof. Plaintiff prayed that the court issue a writ of injunction—

"restraining said municipal corporation from enforcing or attempting to enforce said order canceling and revoking said license of this plaintiff to operate a motor vehicle for hire in said city of Cisco, and to further restrain its officers and agents from giving interviews to newspapers of Cisco and elsewhere derogatory to this plaintiff by insinuation, innuendoes, or otherwise, upon the presentation of this application."

Plaintiff asked for a temporary writ of injunction first, and that a permanent injunction be granted upon final hearing. The appeal of the petitioner is predicated upon the refusal of the judge of the Eighty-Eighth

judicial district court of Eastland county to issue the temporary restraining order.

[1, 2] The record discloses that notice was issued by the commissioners of the city of Cisco to appellant to appear before them and show cause why his license should not be revoked, and that appellant failed to appear or to make answer before said commissioners in the premises. The granting or refusal of a temporary injunction or restraining order by a district judge on the application of the petitioner, without notice to the defendant and without a hearing, even where sufficient grounds for an injunction on hearing are alleged, rests largely in the discretion of the district judge to whom the application is presented. Holbein v. De La Garza (Tex. Civ. App.) 126 S. W. 42, 46; Commissioners' Court v. Nichols (Tex. Civ. App.) 142 S. W. 37, 40; Davidson v. Wells (Tex. Civ. App.) 233 S. W. 518, 520; Sutherland v. City of Winnsboro (Tex. Civ. App.) 225 S. W. 63; Pavey v. McFarland (Tex. Civ. App.) 234 S. W. 591, 594. An appellate court will not reverse an order of a district judge refusing to grant an injunction on the presentation of the sworn petition, without a hearing, unless it is shown that the district judge has abused his large discretion. 14 R. C. L. p. 312.

In 25 Cyc. p. 625, subd. J–b, it is said:

"A mere occupation or privilege license granted by a state is always revocable, the correlative power to revoke the license being a necessary consequence of the main power to grant it. And this correlative power to revoke can only be restrained, if at all, by an explicit contract upon good consideration to that effect. But in the absence of authority therefor in its charter, a municipality may not impose a license tax on an occupation or privilege on condition that the license shall be revocable upon the violation of the ordinance regulating such occupation or privilege. Nor can the mayor when the power of revocation is given by the charter to the common council, revoke a municipal license, unless expressly authorized so to do by ordinance or otherwise."

This authority on page 626 says:

"But one who accepts a license from a municipality on condition that it may be revoked at discretion, when the municipality has statutory power to impose such condition, thereby assents to the terms imposed, and is estopped to question the right to revoke, and such estoppel applies even though no notice of intention to revoke be given to him."

In Newson v. City of Galveston, 76 Tex. 559, 13 S. W. 368, 7 L. R. A. 797, the Supreme Court had before it the case of where Newson had been granted a license to operate and maintain a market in the city of Galveston, where he sold fresh meats. The charter of the city authorized and empowered it to establish and erect markets and market houses, to designate, control, and regulate market places and privileges, and to inspect and determine the mode of inspecting meats, fish, vegetables, and produce. In 1880 the city passed an ordinance authorizing the establishment of private markets for the sale of fresh meats within the corporate limits upon the application to the city council for that privilege, for which privilege a license fee of $50 per annum was charged. In 1887, the city council amended this ordinance by providing that all market privileges theretofore granted should terminate on the 1st day of January, 1888, and all market privileges thereafter granted should terminate on the 1st day of the next succeeding January. On October 2, 1888, the city council adopted an ordinance amendatory of the revised ordinances of the city, providing that from and after January 1, 1889, no private market should be established in the city of Galveston within a certain territory, and providing a fine for the violation of the ordinance. On February 18, 1889, the ordinance was further amended. In 1884, the plaintiff made application in writing to the city council for permission to establish, under the ordinance of 1880, which was then in force, a private market in the city of Galveston for the sale of fresh meats, which application was granted, and thereafter plaintiff established a private market for the sale of fresh meats, at a considerable expense, and continued to operate the same until January 1, 1889, paying to the proper officer of the city quarterly in advance the tax imposed by the ordinance of 1880. Prior to January 1, 1889, the city had erected and completed within the limits defined by the ordinance of October 2, 1888, a large and commodious market house containing stalls to let to vendors of meats, vegetables, etc., at a reasonable rental fixed by the city council. On January 1, 1889, plaintiff tendered to the city the amount of the license fee imposed under the ordinance of 1880, and asked for the issuance of a renewal license to conduct his market. Upon the city's refusal to issue the license the plaintiff brought suit for a mandatory injunction against the city. The Supreme Court sustained the action of the city on the ground that the provisions of the charter empowered the city to establish market houses, and to control them; that such a power was necessary for the protection of the health of the city, and that the police power possessed by the city cannot be fettered by contracts, but must be left free to be exercised at all times, whether in conferring or withdrawing privileges once conferred; that if the license tax had been paid for a year, this would not deprive the city of the power to withdraw the privilege before its expiration, if the public welfare demanded. Much less would the fact that the city for a time had received the tax and granted the privilege make it incumbent on it to continue to do

so: that in refusing to issue the license the city had neither divested the plaintiff of a right nor deprived him of his property.

[3] In 19 R. C. L. p. 975, § 272, it is said:

"When an occupation is of such a character that a municipal corporation under a general grant of the police power is justified in regulating it in the interests of the public health, morals, safety, or welfare, and, as an incident to such regulation, in requiring a license to be taken out by all who seek to engage therein, the power of the municipality to revoke such a license whenever in the opinion of the municipal authorities the public interests require such action is inherent, and may be exercised without previous notice to the holder of the license and without affording him an opportunity to be heard. In such case the licensee has no redress, provided the action of the municipal authorities was not arbitrary, tyrannical, unreasonable, or based upon false information."

This rule applies to a license levied and collected for the purpose of paying for the police regulation of the occupation license, and does not apply to a license levied for the purpose of raising revenue.

[4] There is nothing in the record to support the contention of appellant that the ground, or at least the only ground, the city of Cisco had for revoking his license was his violation of the ordinance prohibiting the owner or driver of any motor vehicle to knowingly carry intoxicating liquors for beverages, or to carry women for immoral purposes. If the city commission had the power and authority to revoke the license of the plaintiff for any reason that would have authorized them to refuse to issue the license in the first instance—and we believe this to be undoubtedly the law—there is nothing in the record to show or suggest that one or more of such reasons did not exist in the instant case. Appellant may have been a reckless driver, or he may have been in the habit of getting drunk while driving his car, or information may have come to the city commissioners of the existence or occurrence of any number of acts on the part of appellant, which in good conscience would have authorized said city commissioners to revoke the license theretofore issued. When notified to appear before said commissioners, the plaintiff refused or failed to do so, and we do not think that he is now in a position to complain of the action of the city council in revoking his license, or of the action of the district judge in refusing to issue the temporary restraining order prayed for.

While the conclusions above stated authorize and require us to affirm the judgment below, yet if plaintiff upon a hearing on the merits can show that the action of the city commissioners was arbitrary, unreasonable, or tyrannical and is discriminatory against the appellant, a different case would be presented than the one at bar. Or, if, upon application to the city commissioners to grant him a license, and their refusal to do so, it is shown that their action is not warranted under the law, and is discriminatory, unreasonable, and arbitrary, a different case would be presented. But as to the case presented in the record before us, we find no error in the refusal of the district judge to issue the temporary injunction prayed for, and the judgment below is affirmed.