## DELLA BISHOP and Wm. Vaughan, Appellants, v. DEPOSITORS' GUARANTY FUND COMMISSION, Respondent.

(212 N. W. 828.)

**Mandamus does not control Bank Depositors' Guaranty Fund Commission.**
    1. The writ of mandamus will not issue to control the action of the Depositors' Guaranty Fund Commission in the performance of its duties in passing on the claims of alleged depositors against the depositors' guaranty fund. Standard Oil Co. v. Engel, ante, 163.

**Certiorari does not lie to review action of bank Depositors' Guaranty Fund Commission.**
    2. Certiorari will not lie to review the action of the Depositors' Guaranty Fund Commission in passing upon the merits of claims of alleged depositors against the depositors' guaranty fund.

Opinion filed March 15, 1927.

Banks and Banking, 7 C. J. § 15 p. 485 n. 82 New.  Certiorari, 11 C. J. § 40 p. 107 n. 77.  Mandamus, 38 C. J. § 199 p. 659 n. 38; § 404 p. 765 n. 97.

Annotation.—(1) Official discretion not subject to control by mandamus, see 18 R. C. L. 124; 3 R. C. L. Supp. 786; 4 R. C. L. Supp. 1178; 5 R. C. L. Supp. 974; 6 R. C. L. Supp. 1054.

(2) As to when certiorari will lie to review proceeding in inferior tribunal, see 5 R. C. L. 250; 1 R. C. L. Supp. 1344.

Appeal from the District Court of Burleigh County, *Jansonius,* J. Affirmed.

*Lemke & Weaver* for appellants.

"Each department (of government) is supreme within its own sphere; or the judicial power of this state has been exclusively vested under § 85 of the state constitution, in the courts." State ex rel. Standard Oil Co. v. Blaisdell, 22 N. D. 86, 132 N. W. 769.

"The legislature has no power to substitute boards of arbitration for courts without the consent of the parties, and to make their awards obligatory and the exercise of the right to seek the aid of the courts to obtain relief from a wrong." St. Louis, I. M. & S. R. Co. v. Williams, 5 S. W. 883.

"A statute obstructing resort to the courts for inquiry as to a fact by exposing corporations prosecuting an inquiry to a great risk of loss, conflicts with Constitution article 2, § 17, declaring that the courts shall be open to every person and justice shall be administered without sale or delay." Coal & Coke R. Co. v. Conley, 67 S. E. 613.

*George F. Shafer,* Attorney General, and *John Thorpe,* Assistant Attorney General for respondent.

A writ of certiorari will not lie to review the sufficient or insufficiency of the evidence in a proceeding before an inferior tribunal. State ex rel. Wehe v. Frazier, 47 N. D. 314, 182 N. W. 545.

Errors of law committed by the inferior court or inferior tribunal in the exercise of authority cannot be considered upon such writ. Baker v. Lenhart, 50 N. D. 30, 195 N. W. 16.

NUESSLE, J. Two cases, with the same parties, entitled identically, and based on the same state of facts. One seeks relief by way of mandamus, the other by certiorari. The cases were tried together in the district court and were simultaneously brought here on appeal. They were argued and submitted together with the case of Standard Oil Co. v. Engel, just decided [ante, 163, 212 N. W. 822].

The plaintiffs were the holders of certain certificates of deposit on the Citizens State Bank of Pingree at the time it became insolvent and closed its doors on April 13th, 1921. The Guaranty Fund Commission on auditing the deposits determined that in fact a higher rate of interest than 6 per cent was being paid thereon and therefore re-

jected the deposits as not under the guaranty fund. Plaintiffs, pursuant to the provisions of § 17, chapter 200, Sess. Laws 1923, demanded a hearing before the commission for the purpose of establishing their claims as depositors against the fund. Pursuant to this demand the commission ordered and held a hearing and testimony was offered and received in support of and in opposition to the claims. From the record thus made it appears that the plaintiffs held two certificates of deposit, one for $2,000 and one for $6,000. On their faces these certificates bore interest at the rate of 6 per cent per annum. The plaintiffs themselves testified that there was no agreement that any higher rate of interest should be paid thereon. This likewise was the testimony of the president of the bank who was called as a witness in behalf of the plaintiffs. On the other hand, the books of the bank tended to establish that the rate of interest in fact agreed to be paid was $6\frac{1}{2}$ per cent per annum. It appeared from the books that the certificates as issued bore interest at the rate of 6 per cent and that the plaintiffs were at the time of their issuance credited with the additional one half of 1 per cent in their checking accounts. Unquestionably, the plaintiffs' checking accounts showed credits amounting to one half of 1 per cent as of date of the certificates. The plaintiffs, however, denied that these credits were for interest on their deposits. They either denied receiving the credits or testified that such credits were for other moneys actually deposited. The officers of the bank who made the entries in the books were not called as witnesses. On this showing the commission decided adversely to the plaintiffs' contentions and rejected the deposits. Whereupon the appellants began the instant actions, one in mandamus and one in certiorari, since they were uncertain as to which would afford the relief sought.

In their petitions plaintiffs set out that they were depositors of the Pingree State Bank; that the bank had become insolvent and had closed; that their deposits had been rejected; that they had demanded a hearing, which was granted; that after such hearing their claims were again rejected; that such rejection was fraudulent, malicious, arbitrary, and illegal, contrary to the evidence, and in violation of the statutory duty of the commission to approve and allow the deposits. Plaintiffs attached to their respective petitions as parts thereof the transcripts of the testimony taken at the hearing before the commis-

sion. . Plaintiffs prayed in the mandamus action that a writ issue requiring the Depositors' Guaranty Fund Commission to approve and allow the deposits and pay the same, and, in the certiorari action that the proceedings be certified to the district court for review and correction to the end that relief might be afforded to the petitioners. The district court issued writs in both cases. On the return day the defendants appeared and demurred to the petitions and moved to quash and dismiss the same on the ground that the court had no jurisdiction of the defendants or of the subjects of the actions and that the petitions did not state facts sufficient to warrant the issuance of the writs. The district court sustained the demurrers, quashed and vacated the writs, and dismissed the proceedings. From the orders thus entered the plaintiffs perfected the instant appeals.

These appeals were argued and submitted simultaneously with the case of Standard Oil Co. v. Engel, ante, 163, 212 N. W. 822, just decided. There, relief was sought by way of mandamus, but the questions considered and decided are controlling in both of the instant cases.

As regards the application for the writ of mandamus, it is sufficient to say that the Guaranty Fund Commission is an arm and agency of the executive department of the state and the action which the plaintiffs seek to have it take involves the exercise of discretion and judgment on the part of the commission. The writ of mandamus will issue to compel official action but not to control official discretion in acting. Since the plaintiffs sought to control the discretion of the commission the writ was properly denied.

As regards the application for the writ of certiorari, it is sufficient to say that the Guaranty Fund Commission was acting within its jurisdiction when, after hearing, it made its decision that plaintiffs' deposits should be rejected. The plaintiffs themselves invoked the exercise of this jurisdiction. A hearing was had at which they had an opportunity to and did present their side of the controversy. The action on the part of the commission of which the plaintiffs complain was taken after such hearing and was based upon the evidence adduced at such hearing. "The review upon this writ (certiorari) cannot be extended further than to determine whether the inferior court, tribunal, board or officer has legally pursued the authority of such court, tribunal, board or

officer." Comp. Laws 1913, § 8453. Where the inferior tribunal acts within its jurisdiction, no matter how erroneous the decision may be the reviewing court has no power to change, annul or reverse it in a proceeding in certiorari. Albrecht v. Zimmerly, 23 N. D. 337, 136 N. W. 240; State ex rel. Mayo v. Thursby-Butte Special School Dist. 45 N. D. 555, 178 N. W. 787; Baker v. Lenhart, 50 N. D. 30, 195 N. W. 16; State ex rel. Claver v. Broute, 50 N. D. 753, 197 N. W. 871; State ex rel. Craig v. North Dakota Workmen's Comp. Bureau, 53 N. D. 649, 207 N. W. 555.

The orders of the District Court are affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.