[File No. 6039.]

C. N. MARTIN, Appellant, v. JAMES MORRIS, as Attorney General of the State of North Dakota; and R. C. Morton, as Chief Inspector of the State Inspection Department of the Attorney General's Office of the State of North Dakota, Respondents.

(243 N. W. 747.)

Opinion filed May 28, 1932. Rehearing denied July 26, 1932.

*Scott Cameron,* for appellant.

382

*James Morris,* Attorney General and *R. C. Morton,* Assistant Attorney General, and *George Register,* State's Attorney (of counsel) for respondents.

BURR, J. This is an appeal from an order denying a writ of certiorari.

The state inspection department had granted to the petitioner License No. 3679 for the operation of a taxi cab stand in Bismarck under the name of the Ball Taxi Company and for the season of 1931–32.

A hearing was had before the state inspector to determine whether such license should be cancelled, the petitioner appeared, evidence was introduced and findings of fact and conclusions were made and the license cancelled.

The petitioner applied to the district court for a writ of certiorari and the court issued an order to show cause why the writ should not issue. The findings, conclusions and order of the state inspector cancelling the license were attached to and made a part of the return on the part of the respondent and no attack was made on this return, except that on its face it showed no ground for cancelling the license.

On this return, the court declined to issue the writ. The petitioner therefore appealed to this court on the ground that the court was in

error in denying the application for the writ and in refusing to review the proceedings had before the state inspector.

Section 548a1 of the Supp. provides that no taxi cab or auto livery "shall be opened, maintained, operated or conducted within this state unless the owner, proprietor or managing agent thereof shall first secure a license so to do in the manner prescribed."

Section 548a2 requires the application to state "the name of the owner, manager and proprietor" of the business to be carried on and provides that if a license be issued and a violation of the law of this state occurs in the operation of the place the attorney general shall be authorized to cancel the license issued.

Section 548a4 authorizes the appointment of a state inspector or inspectors and section 548a5 authorizes the state inspector to "revoke any license granted pursuant to the provisions of this act after a hearing had before the inspector etc."

The fact that a license was issued authorizes us to assume the petitioner in his application for a license, represented himself to be the owner, manager and proprietor of the taxi cab livery business operating it under the trade name of the Ball Taxi Company. The record before us shows nothing to the contrary.

At the hearing before the state inspector evidence was introduced by the State, and the findings of the inspector show; that petitioner herein "is not engaged in the actual management of the Ball Taxi Company—and that the actual manager and operator of said taxi line is one Waldo Bryan;" that the license was issued to the petitioner, "with the express understanding and upon the representation that he (the petitioner) would be the actual operator and manager of the taxi business known as the Ball Taxi Company, and which is operated under license No. 3679, issued by the state inspection department;" that the petitioner herein, at the time the license was issued to him, represented to the inspection department "that he was purchasing the business from one Waldo Bryan, and that if the license was issued to the licensee he would be the sole manager of the business, and that the aforesaid Waldo Bryan would not be connected with the same, either directly or indirectly;" that thereafter the business of the taxi company was transacted by the said Waldo Bryan and "the said Waldo Bryan represented himself to be, and acted as the active manager and operator of the afore-

said Taxi Company." The inspector found also certain facts which he determined constituted a violation of the laws of this State. Petitioner offered no testimony in opposition thereto.

In his application for a writ of certiorari the petitioner states he had been charged before the state inspector with "having obtained a license by false representation and fraudulently," that he was charged with violating a law of the State, and that the order revoking the license was made upon such findings.

While the jurisdiction of the inspector is questioned it is not on the ground that the inspector is not the one to revoke the license, but rather that the proceedings show the license should not have been revoked.

That in a proper case the inspector has a right to revoke the license is clear from a reading of § 548a5 of the Supp. partially quoted.

At the hearing before the inspector a bill of particulars was served and filed. This bill sets out these two charges—that the license was procured by fraud; and that the petitioner was guilty of a violation of the laws of this state.

With reference to this bill of particulars and the specifications therein contained, the petitioner says in this court "for the purpose of this Appeal and to determine whether the manner in which the Inspector attempted to exercise his powers was within the jurisdiction vested in him by law we must assume that the specifications are true."

The specification in regard to fraud is such that if it be true it amounts to fraud, and shows that the license was obtained by means of fraud. Plaintiff contends "there was no evidence offered supporting the first Specification in the Bill of Particulars;" but if the specification be true, and this is admitted, then it is not necessary to have evidence.

However the record shows evidence was introduced and findings made thereon, and the statute does not require the inspector to reduce such evidence to writing nor preserve the same.

The allegation of fraud is lengthy, but is in effect as found by the inspector in the findings made upon the hearing.

In respect to the second charge set forth in the bill of particulars, the allegation in regard to violation of the law sets forth certain facts, and it is the claim of the petitioner that though such facts be true yet they do not amount to a violation of law.

The petitioner proceeds under the theory that the question of fraud cannot be involved in a proceeding to cancel his license, and says that "violation of any of the laws of this State" is the only statutory ground for revocation, that nothing in the findings shows the petitioner had violated any of the laws of this State; and this being so the court should on certiorari review the decision.

The petitioner overlooks or ignores the fact that this license was revoked because it was obtained fraudulently. It is true § 548a5 says such license may be revoked "upon the violation of any of the laws of this State" and states no other ground for revocation; but fraud vitiates the whole transaction. If the license was issued fraudulently, as found by the inspector, then it may be cancelled because of such fraud.

Assuming, without deciding, that the facts found by the inspector, on the application to revoke the license, did not constitute a crime and therefore are not a ground for revocation of the license, yet this does not avail petitioner if in fact his license was obtained by fraud. The petitioner appears to contend that so long as the license was issued to him, no matter how false and fraudulent were the statements in the application and no matter how much the inspection department may have been deceived, nevertheless if the licensee has not been shown to have violated the law of the State thereafter such license can not be cancelled. Fraud goes to the very essence of the agreement with the petitioner. It is unthinkable that such a position can be upheld. The petitioner makes no attempt to disprove the charges and therefore in effect confesses that all of these findings are correct. Such being the facts of the case at the time the license was issued it is clear that had they been known no license would have been granted.

There is little authority to be found bearing directly upon the point involved but the general principle is quite clear. In Texas it is held that a license to operate a motor bus may be revoked for any reason which would have justified a refusal to issue it in the first instance; Mahaney v. Cisco (Tex. Civ. App.) 248 S. W. 420. In Michigan the same principle is upheld in the matter of issuing liquor licenses. See George v. Travis, 185 Mich. 606, 152 N. W. 207, L.R.A.1915E, 408; Jones ex rel. Hal' v. Turner, 197 Mich. 523, 163 N. W. 998. See also note to L.R.A.1915E, 408.

The question of fraud as a ground for revocation does not depend upon statutory grounds. In State, Lantz, Prosecutor, v. Highstown, 46 N. J. L. 102; State, Decker, Prosecutor, v. Board of Excise, 57 N. J. L. 603, 31 Atl. 235; Vanaman v. Adams, 74 N. J. L. 125, 65 Atl. 204, it is held that licenses cannot be revoked "except for statutory causes *or upon the ground of fraud.*" The same principle is upheld in Leon Mercantile Co. v. Anderson, 56 Tex. Civ. App. 481, 121 S. W. 868. In Re Lyman, 28 Misc. 278, 59 N. Y. Supp. 828, a license was issued by an officer not aware of facts which would have prevented the issuance, which facts were known to the applicant who deliberately deceived the officer, and the court held that under such conditions the license could be revoked.

The inspector found specifically, and there is nothing to controvert the findings, that the petitioner represented himself to be the owner, manager and operator of the taxi cab line, that Waldo Bryan would not be permitted to have anything to do with the business, and that Waldo Bryan was permitted to have connection with the business and represented himself to be the owner, and manager. The record shows petitioner had represented that he purchased the business from Bryan. There was much in the argument to show why Bryan would be refused a license and so it became important to know who is the real owner and whether Bryan would be permitted to have connection with the taxi cab business.

The person who is to manage and operate such a line is important —deemed so by the State—otherwise § 548a3 of the Supplement would not require examination "into the qualifications of every applicant seeking to be licensed and the fitness and suitability of the . . . person desiring to be licensed." The findings show the applicant deceived the officer granting the license, and thus secured his license by fraud.

The matter was one which, under the law, comes before the state inspector properly. He has jurisdiction to grant the license and there is no attack upon the notice of hearing to cancel or the hearing itself; simply upon the efficacy of the findings. Certiorari does not lie to control the discretion of the officer nor will the sufficiency of the evidence to justify the findings be determined by the use of the writ. "Where the inferior tribunal acts within its jurisdiction, no matter

how erroneous the decision may be, the reviewing court has no power to change, annul or reverse it in a proceeding in certiorari." Bishop v. Depositors Guaranty Fund Commission, 55 N. D. 178, 182, 212 N. W. 828; State ex rel. Wehe v. Frazier, 47 N. D. 314, 182 N. W. 545.

Petitioner relies upon the case of State ex rel. Wehe v. Frazier, supra, because in that case the action of the officer was reversed. We held in that case that certiorari was a proper remedy to review the jurisdictional acts of the Governor in the removal of an officer; that certiorari "will not review the sufficiency or insufficiency of the evidence where jurisdiction is shown;" but that the action in removing the officer was erroneous because no legal hearing was held and therefore the Governor did not have jurisdiction to order the removal. In the case at bar there is no question about a legal hearing. So far as the record shows the proceedings were in all things regular. The findings are sufficient to show fraud and therefore the inspector was justified in cancelling the license. The order of the lower court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE and BIRDZELL, JJ., and ENGLERT, Dist. J., concur.

Mr. Justice BURKE did not participate, Hon. M. J. ENGLERT, Judge of Sixth Judicial District, sitting in his stead.