## Schireson, Appellant, v. Shafer et al.

Argued May 27, 1946. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Thomas D. Caldwell,* with him *John H. Fertig, Carl B. Stoner* and *Caldwell, Fox & Stoner,* for appellant.

*Harrington Adams,* Deputy Attorney General, with him *James H. Duff,* Attorney General, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 25, 1946:

A physician seeks to restrain, by injunction, the Pennsylvania State Board of Medical Education and Licensure from proceeding to a hearing on a citation to revoke his license to practice medicine. The court below dismissed the bill.

Plaintiff was licensed to practice medicine and surgery in this Commonwealth on June 29, 1910, under the Act of 1893, P. L. 94. He practiced his profession here

until 1913 when he left to practice in another state. In 1932 he returned to Pennsylvania and resumed the practice of his profession until June 30, 1944, when the State Board issued a citation against him to appear at a hearing before them to answer charges that he had obtained his license to practice medicine through fraud, misrepresentation and deception. This injunction suit was begun before the hearing. It questions the authority of the State Board to proceed.

The first comprehensive legislation establishing a separate medical bureau and regulating the issuance and revocation of licenses to practice medicine and surgery was the Act of June 3, 1911, P. L. 639. The power of the Bureau of Medical Education and Licensure to revoke licenses under section 12 of this Act was then believed to be restricted only to those licenses issued *after* the passage of the Act. *Koler et al. v. Bureau of Medical Education and Licensure,* 61 Pittsburgh L. J. 538 (opinion of Attorney General, 1913). An amendment of section 12 of the 1911 Act was enacted on May 24, 1917, by which it was provided that the Board had authority to revoke the license of "Any person who is *licensed to practice medicine and surgery, or any of its branches, in the Commonwealth of Pennsylvania. . . ."* Act of May 24, 1917, P. L. 271 (as amended), 63 PS, section 410.

Appellant argues that the 1917 amendment was not valid in that the title of that Act was in violation of article III, section 3 of the Pennsylvania Constitution and that therefore the defendant Board has no jurisdiction over those physicians and surgeons licensed prior to the Act of 1911.

The title of the 1917 Act recited that its purpose was *"To further amend* an act, approved the third day of June, one thousand nine hundred and eleven . . . by providing for further instruction prior to examination for licensure, by *clarifying sections five (5) and twelve (12)"* (underlining supplied). The narrow argument of appellant is that the word "clarifying" does not give

notice that section 12 of the Act was amended to apply to physicians licensed prior to 1911. It is not necessary to discuss the technical meaning of that word. It is clear that a title which mentions that the act is amendatory, recites the particular prior acts it is designed to amend and further specifies the sections of the prior acts involved, puts a person of a reasonably inquiring state of mind on notice of the subject matter of the act and the reader to further inquiry. That is all that is required by article III, section 3 of the Constitution. *Kotch v. Middle Coal Field Poor District,* 329 Pa. 390, 197 A. 334; *Commonwealth v. American Gas Co.,* 352 Pa. 113, 42 A. 2d 161.

The stated intention of the legislature in passing the 1911 act and its amendments was to establish a complete system of licensing and regulation of physicians and surgeons. The only purpose of the amendment of section 12 of the Act of 1917 was to bring within the jurisdiction of the Board those licensed prior to the passage of this legislation. If it is to be said that there is a retroactive effect to these statutes, it can also be said that this was manifestly and clearly intended by the legislature by the very words of section 12 of the 1917 Act, and by the broad, general purpose of this legislation to bring *all* physicians and surgeons under the uniform operation of a single licensing and regulatory system. The legislative intent is too clear to require the use of rules of statutory construction: see Statutory Construction Act of May 28, 1937, P. L. 1019, section 56, 46 PS, section 556; *Commonwealth ex rel. Greenawalt v. Greenawalt,* 347 Pa. 510, 32 A. 2d 757; *Commonwealth v. Repplier Coal Co.,* 348 Pa. 372, 35 A. 2d 319; *Kistler et al. v. Carbon County et al.,* 154 Pa. Superior Ct. 299, 35 A. 2d 733.

Appellant questions the authority of the Board to revoke a license on the ground of fraud or misrepresentation where the statutory authority under which it acts does not enumerate these as grounds for revocation. While it is true that such legislation is penal in nature

and must therefore be strictly construed: 41 Am. Juris. Physicians and Surgeons, section 44, it is also the general rule that where the license should never have been granted for reasons such as fraud or forgery, the licensing authority has the *inherent power* to revoke it: 41 Am. Juris., supra, section 48, page 175 "The power of the state to require a license implies the power to revoke a license which has been improperly issued": *Butcher et al. v. Maybury,* 8 Fed. (2d) 155, 159. See also *Vanaman v. Adams,* 74 N. J. L. 125, 65 Atl. 204; *Martin v. Morris,* 62 N. D. 381, 243 N. W. 747; *Volp v. Saylor et al.,* 42 Ore. 546, 71 Pac. 980. The appellate courts of this state have not passed on this question. Respectable opinion, however, supports the principle that where a license, such as this, was procured by fraud, it may be revoked by the licensing authority regardless of the fact that fraud is not specified as a ground for revocation in the statute. In the opinion of Deputy Attorney General Frederic W. Fleitz, a license to sell oleomargarine wrongly procured by a non-resident, could be revoked for fraud though the licensing statute did not so provide. See *Revocation of Oleomargerine License,* 1907-1908 Opinions of Attorney General 286. In an opinion by Deputy Attorney General J. E. B. Cunningham (later a judge of the Superior Court), a license to practice osteopathy could be revoked where the application for the license contained false information. In his opinion he states: "In my opinion, your board [Board of Osteopathic Examiners] in addition to the express powers of revocation conferred upon it by the act creating it, has a general inherent power to revoke a license obtained by fraud": *Practice of Osteopathy,* 13 Dauph. Co. Rep. 302, 305. See also: *Oleomargarine Licenses,* 19 Dist. Rep. 927; *Commonwealth v. Briggs,* 34 D. & C. 97. By the mere fact that he was once issued a license and practiced under it, appellant did not thereby acquire such vested right which would prevent the Board from thereafter revoking it for cause: see *Harris v. State Board of*

*Optometrical Examiners,* 287 Pa. 531, 135 A. 237; *Grime et al. v. Dept. of Pub. Inst. et al.,* 324 Pa. 371, 188 A. 337.

Nor is the defense of laches properly raised at this time. This defense is based on the ground that a long time has elapsed since the original license was issued to appellant and that the records on which he must rely to defend are now unavailable. The lower court was of opinion that there are not enough circumstances in the present record to enable it to apply the doctrine of laches. There is no reason to disturb this finding. Laches is not to be imputed by the mere passage of time, but must be determined after all the circumstances of the case are developed: *First Nat. Bank v. Lytle Coal Co.,* 332 Pa. 394, 3 A. 2d 350; *Stimson v. Stimson,* 346 Pa. 68, 29 A. 2d 679. Such is not the case here, for no hearing has been had on the merits. The record is devoid of prejudice to appellant, which is a necessary element for the doctrine of laches to be applied. *Gribben v. Carpenter et al.,* 323 Pa. 243, 185 A. 712; *Randall's Estate,* 341 Pa. 501, 19 A. 2d 272.

The decree of the court below is affirmed and the appeal dismissed at the cost of the appellant.