Rush, Appellant, *v.* Butler Fair & Agricultural Association.

182

Argued October 3, 1957. Before Jones, C. J., Bell, Chidsey, Musmanno, Arnold, Jones and Cohen, JJ.

*Carmen V. Marinaro* and *Leonard L. Scheinholtz,* with him *Robert J. Dodds, Jr.,* and *Reed, Smith, Shaw & McClay,* for appellants.

*Lee C. McCandless,* for appellees.

OPINION BY MR. JUSTICE COHEN, January 8, 1958:

For purposes of this appeal by plaintiffs from the dismissal of their complaint on preliminary objections, the following allegations will be assumed to be true.

On October 22, 1945, the Board of Directors of the Butler Fair and Exposition voted to dissolve the corporation and sell the assets thereof to one of the directors for $14,110. A special stockholders' meeting was called for December 10, 1945, to approve the proposed dissolution and sale of assets. Among the principal assets of the exposition was a leasehold interest in a tract of land in Butler County where annual fairs were conducted. This lease was to expire in November, 1949, and in a letter sent to each shareholder giving notice of the special stockholders' meeting, mention was made of the expiration. However, on November 30, 1945, four days after mailing the notice and eleven days before the meeting, a renewal of the lease was executed by the president and one of the directors of the corporation for an additional period of twenty-five years. Although the original lease had been recorded, the renewal was not. In fact, no notice was ever given to the shareholders of the renewal of the lease notwithstanding that it had a material bearing upon their decision whether to ratify the proposed sale of the assets at the agreed upon price. Consequently, at the special meeting the shareholders voted in favor of the voluntary dissolution and sale of assets although the price paid to them was grossly inadequate

being considerably less than fair market value in view of the extension of the lease.

The corporation was duly dissolved, and in its place a non-profit corporation, The Butler Fair & Agricultural Association was formed. Most of the officers and directors of the Association were formerly officers and directors of the Exposition. Since 1946 annual fairs have been organized and conducted by the Association on the leased property.

In 1955, the School District of the City of Butler purchased the fee of the fair ground and condemned the leasehold interest and facilities owned by the Association. The Association was awarded $160,000 as the fair market value for its interest in the land. In April, 1956, as a result of the publicity given to the award, plaintiffs, shareholders in the dissolved corporation, learned for the first time that officers of the Exposition had secretly entered into the long term lease.

A summons in equity was filed by the plaintiffs on November 12, 1956, and on June 13, of the following year, they filed the present complaint. The complaint avers that the acts of the individual defendants, former officers and directors of the Exposition, pertaining to the sale of assets and voluntary dissolution constituted a fraud upon the shareholders. The relief sought includes, inter alia, the setting aside of the agreement for the sale of the assets of the Exposition and their assignment to the Association, a declaration that the shareholders of the Exposition are entitled to receive the profits from the condemnation award, and an order compelling the defendant School District to pay such monies into the court pending the disposition of the case.

The defendant School District filed five preliminary objections to the complaint, four of which were prop-

erly overruled by the Chancellor. However, he sustained the objection of laches and lack of due diligence which he found to be apparent from the face of the complaint. From the order of the court dismissing the complaint these appeals have been taken.

·· The controlling principles of law applicable to the present appeal are not in dispute. ". . . [E]quity acts in analogy to the statute of limitations and will not enforce a . . . constructive trust beyond the time when recovery could have been had in an action at law. . . ." . . . ". . . [I]n cases of fraud the statute runs only from discovery or from the time when, with reasonable diligence, there ought to have been discovery, and if, by any act of concealment or deceit, the wrongdoer hides from the innocent party the facts which would have put him upon inquiry, the statute does not begin to run at all." *Wosche v. Kraning*, 353 Pa. 481, 486, 46 A. 2d 220 (1946).

The Chancellor held that plaintiffs were guilty of laches for two reasons. He concluded that the act of fraud complained of by plaintiffs was the concealment of the renewal of the lease and hence, there was no averment of an additional, independent act of concealment such as would toll the statute. Secondly, the Chancellor found that plaintiffs had not shown due diligence in failing to investigate the continued use of the fair grounds by the Association after the expiration of the original lease in 1949. We cannot agree either with the adjudication of the Chancellor or with the reasons assigned in support thereof.

The fraud alleged was not the concealment of the renewal of the lease from the shareholders, but rather the sale of the assets of the corporation by the directors and officers at a grossly inadequate price. Acts of concealment independent and additional to this fraud were alleged, *viz.* the failure to record the renewal lease,

and the omission to enter the authorization of the new lease in the Minute Book of the Board of Directors. These acts are sufficient to constitute fraudulent concealment such as would toll the running of the statute. *Bailey v. Jacobs*, 325 Pa. 187, 189 Atl. 320 (1937) (failure to enter upon company books fraudulent withdrawal of corporate funds) ; *Lutherland, Inc. v. Dahlen*, 357 Pa. 143, 53 A. 2d 143 (1947) (failure to record unlawful issuance of stock and leases).

The failure of plaintiffs to investigate by what authority the Association continued to use the fair grounds after November, 1949, the date of the expiration of the original lease, did not constitute a lack of due diligence. Having been advised that the lease was to expire, the plaintiffs could reasonably believe that the continued use of the land resulted from the negotiation of a new lease after the corporation was dissolved or at the time of expiration. "Since they had no reason to make investigation, they are not chargeable with what such investigation would have disclosed." *Deemer v. Weaver*, 324 Pa. 85, 89, 187 Atl. 215 (1936).

Accordingly, we fail to find such laches or lack of due diligence by the plaintiffs as would warrant the action of the Chancellor.

It is true that a Chancellor has the duty to dismiss a complaint on preliminary objections if laches clearly appear from the averments thereof, *West v. Young*, 332 Pa. 248, 2 A. 2d. 745 (1938), but it is only in cases which are clear and free from doubt this duty arises. *Gardner v. Allegheny County*, 382 Pa. 88, 94, 114 A. 2d 491 (1955). While the needless consumption of time and incurring of expense involved in the trying of cases which are certain to fail should be avoided, usually the question of laches can be determined only after the court has had an opportunity to appraise the

evidence and so determine whether a valid reason exists for the delay in bringing suit. *Schireson v. Shafer,* 354 Pa. 458, 463, 47 A. 2d 665 (1946). In the present case, the allegations of the plaintiff do not show such delay in instituting suit as would bar recovery.

Decree reversed, at appellees' cost.

Mr. Justice BELL and Mr. Justice BENJAMIN R. JONES dissent.