NO. 07-06-0187-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 16, 2006


______________________________



LASARO JUNIOR SANDOVAL,


 Appellant


v.



THE STATE OF TEXAS,


 Appellee


________________________________



FROM THE 181st DISTRICT COURT OF POTTER COUNTY;



NO. 49,915-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



Order of Dismissal


________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.


 Pending before the court is the appeal of Lasaro Junior Sandoval. He was
convicted of aggravated assault on a public servant. We received the reporter's record on
May 5, 2006. So too did we receive a letter from Sandoval on May 5, 2006, inquiring about
the appeal. However, we have no notice of appeal, and the district clerk certified that none
was ever filed after Sandoval was convicted and sentenced on December 19, 2005. 
Finally, the time to file one under the Texas Rules of Appellate Procedure has long since
lapsed. (1) 

 Without a timely filed notice of appeal, we have no jurisdiction over the cause. 
Consequently, we dismiss the matter for want of jurisdiction.


 Brian Quinn

 Chief Justice


Do not publish.
1. We note that appellant may petition the Court of Criminal Appeals via art. 11.07 of the Code of
Criminal Procedure for leave to file a belated appeal.



t"> Brazoria contends, through its first issue, that it "should have been granted [a
directed verdict] because the facts established as a matter of law that [it] was entitled to
judgment dismissing . . . [the] counterclaim[s]." This is allegedly so because the "heavy
load permit was a revocable license subject to summary revocation . . . rather than a
contract." And, because the permit could be summarily revoked, Parker "was not entitled
to recovery based on a contract theory of wrongful or unjust revocation . . . ." Finally,
Brazoria also contends that it was entitled to a directed verdict because it revoked the
permit "due to its concern for road damage and public safety." We sustain the issue.

 In addressing the dispute, we first consider whether suit against Brazoria could have
been founded, in theory, either upon breach of contract or revocation without just cause. 
And, in considering that issue, we note that there exists a distinction between a permit and
franchise or contract issued by a governmental entity. The former, i.e., a permit, is not a
contract, Trevino & Gonzalez Co. v. R.F. Muller Co., 949 S.W.2d 39, 42 (Tex. App. --San
Antonio 1997, no writ), but rather a grant of authority to do that which would otherwise be
unlawful. Harris County v. Shepperd, 156 Tex. 18, 291 S.W.2d 721, 726 (1956) (quoting
Payne v. Massey, 145 Tex. 237, 196 S.W.2d 493 (1946)). It confers a right or power which
does not exist without it. Id. And, whether the document constitutes a permit, as opposed
to a contract or franchise, depends upon whether it affects conduct which the
governmental entity is authorized to regulate via its police power. Johnson v. City of
Austin, 674 S.W.2d 894, 897 (Tex. App.--Austin 1984, no writ) (noting that a license or
permit "has the purpose of regulation under the police power"). 

 Next, that the State has the authority to create and maintain public roads and
regulate traffic thereon via its police power is clear. Furthermore, our legislature enacted
statutes incident to that power restricting the weight and size of vehicles which may be
operated upon public roadways. See e.g. Tex. Transp. Code Ann. §621.101 (Vernon
Supp. 2002). So too did it enact statutes vesting governmental entities with the power to
free members of the traveling public from those restrictions. See e.g., §623.011. And, one
of those entities granted that authority is a county. Id. §623.018 (Vernon 1999). That is,
a county may grant others permission to operate oversized and overweight vehicles on
county surfaces other than state highways and public roads within the "territory of a
municipality," and it does this through the issuance of a permit. Id. Consequently, when
a county allows one to operate a vehicle over roads when the vehicle exceeds applicable
weight limits, it is acting within its police power to not only regulate the usage of those
roads but also to allow the recipient to do that which otherwise would be illegal. Given this,
the grant of authority contemplated by §623.018 of the Texas Transportation Code likens
not to a contract but to a license (or permit) as that term is described in Johnson. 

 Here, Parker desired to operate overweight vehicles upon County Road 59. It
legally could not do so without permission from Brazoria. So, it sought and obtained that
permission. In acceding to Parker's request (something the county could do under the
auspices of §623.018 of the Transportation Code), the county was not only regulating the
usage of the roads within its jurisdiction but also allowing Parker to do that which was
otherwise illegal. Consequently, the document received by Parker did not evince a contract
but rather a permit as described in Johnson. And, being a permit, as opposed to a
contract, it did not vest Parker with contractual rights upon which a claim of breached
contract could be founded. R.F. Muller Co., 949 S.W.2d at 42 (recognizing that since the
construction permit was not a contract, "there can be no breach of contract"). 

 Next, authority holds that permits may be revoked by the issuing party. Leach v.
Coleman, 188 S.W.2d 220, 225-26 (Tex. Civ. App.--Austin 1945, writ ref'd w.o.m.);
Mahaney v. City of Cisco, 248 S.W. 420, 422-23 (Tex. Civ. App.--Fort Worth 1922, writ
dism'd w.o.j.). Indeed, the power to revoke is inherent in the license or permit itself. (3) 
Mahaney, 248 S.W. at 422-23 (quoting 19 R. C. L. §272). Moreover, that power cannot
be hindered or limited through contract. Newson v. City of Galveston, 76 Tex. 559, 13
S.W. 368, 369 (1890) (stating that the "police power possessed by such [municipal]
corporations cannot be fettered by contracts, but must be left free to be exercised at all
times, whether in conferring or withdrawing privileges once conferred"); Mahaney, 248
S.W. at 422-23 (quoting 19 R. C. L. §272). Nonetheless, in revoking a license or permit,
the entity may not act capriciously, arbitrarily, or unreasonably. Coleman, 188 S.W.2d at
225-26; Mahaney, 248 S.W. at 422-23. In other words, it must have a reasonable basis
for its decision. And, protecting the public welfare or good is such a basis. See Newson,
13 S.W. at 369 (stating that the privilege may be withdrawn "whenever the public good
require[s] it"). Finally, a governmental decision made sans reasonable basis exposes the
entity to legal action. See Mahaney, 248 S.W. at 423 (stating that "[w]hile the conclusions
above . . . require us to affirm . . ., yet if plaintiff upon a hearing on the merits can show that
the action of the city commissioners was arbitrary, unreasonable, or tyrannical and is
discriminatory against the appellant, a different case would be presented than the one at
bar"). (4) 

 From the foregoing, we must conclude that Brazoria was not subject to suit founded
upon breached contract. We, however, do not agree with the general proposition that the
power to revoke insulated the county from all claims. Again, it may not act arbitrarily, and
allegations that it did are cognizable in Texas courts. See id. Yet, that does not end our
discussion of the first issue. Now we must assess whether Brazoria was entitled to a
directed verdict on the issue of wrongful revocation.

 As previously mentioned, the State clearly has the police power to regulate traffic
upon public roads. That counties, such as Brazoria, also have this power in situations
involving the operation of overweight and oversize vehicles upon county roads, is equally
clear. See Tex. Transp. Code Ann. §623.018(a) (Vernon 1999) (so delegating that power
to counties). Nor is it disputed that the condition of County Road 59 deteriorated during
the period in which Parker was allowed to drive its overweight vehicles on it. Indeed, in
answering question one, the jury said "yes" when asked if "Powers and Parker's operations
in using the road from June 1997 until March of 1998 cause[d] damage to" that particular
byway, and Parker does not contest this finding. (5) Similarly undisputed is the evidence
illustrating that Brazoria believed the road to be deteriorating as Parker's vehicles passed
over it. Given this and as a matter of law, it had a reasonable basis to revoke the permit,
and its decision to do so could not be interpreted as unreasonable, capricious, or "without
just cause." 

 As stated in City of San Antonio v. Zogheib, 129 Tex. 141, 101 S.W.2d 539 (1937),
the issue is not whether the governmental entity "acted without what the jurors deemed fair,
solid, and substantial cause in denying the permit . . . ." Id. at 542. Nor was it within the
province of the jury to determine whether Brazoria was correct in attributing the
deterioration to Parker's vehicles. See id. (stating that "it could [not] be determined by the
jurors' opinion that no traffic congestion would be created by the operation of the filling
station at that point"). This is so because via §623.018 of the Texas Transportation Code,
the power was vested in Brazoria "and not elsewhere to determine whether a traffic hazard
[was] . . . created by the . . . operation which [it] should prevent in the interest of safety or
for other reasons." Id. So, irrespective of whether evidence appears of record "upon which
reasonable minds might have differed as to the wisdom or justice . . . [in revoking] the
permit . . . there is none that [Brazoria] did not honestly believe from the facts that a hazard
[was] . . . created from the operation of the [trucks] that it was [its] duty to prevent." Id. 
And, because there is no evidence which indicates that Brazoria did not honestly have
such a belief, the issue regarding whether the revocation was improper should not have
been submitted to the jury. Id. Thus, the trial court erred in refusing to grant Brazoria a
directed verdict upon Parker's claim of wrongful revocation.

 The judgment of the trial court is reversed to the extent that it awards Parker
damages, attorney's fees, and interest against Brazoria. We also render judgment that
Parker recover nothing upon its counterclaim against the county. See Tex. R. App. P.
43.2(c) (stating that the court of appeals may reverse the trial court's judgment in whole or
part and render the judgment that the trial court should have rendered). 


 Brian Quinn

 Justice




Do not publish. 

 

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T
CODE ANN. §75.002(a)(1) (Vernon Supp. 2002). 
2. To this issue, the jury answered "yes." That answer served as the basis for awarding Parker 
$30,000 in damages, attorney's fees, and interest.
3. We note that the permit at issue contained a provision stating that the county "retain[ed] the right to
revoke [it] by verbal notification . . . ."
4. We do not address the nature of the legal action or particular remedies available. Neither topic is
encompassed within the issues Brazoria presents.
5. We note that the jury answered "no" when asked if the "negligence," if any, of Parker was "a
proximate cause of any damages . . . ." This answer does not conflict with that given in response to issue one
because evidence appears of record indicating that the road was poorly constructed or maintained by
Brazoria. Thus, the jury could have found that while the operation of Parker's trucks caused damage to
County Road 59, the damage was not proximately caused by a breach of duty imposed upon or misconduct
of Parker. And, since the answers to the two issues could be so construed, they are not fatally conflicting. 
See Huber v. Ryan, 627 S.W.2d 145, 145-46 (Tex. 1981) (holding that answers to jury issues are not fatally
conflicting when they can reasonably be reconciled).