# HUBBERT v. CAMPBELLSVILLE LUMBER CO.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 31.  Argued October 20, 1903.—Decided November 9, 1903.

A statute authorizing an issue of municipal bonds was amended by an act increasing the amount authorized and also giving special remedies in addition to, and not in lieu of, those given by the original act, but directing that the bonds "shall on their face stipulate" that the holders are entitled to the remedies contained in the amending as well as in the original act. The bonds were issued after the amending act was passed, and contained a statement that they were issued in pursuance of the original act and only for the amount authorized thereby. They did not contain any reference to the amending act or stipulation that the holders were entitled to the remedies given thereby.

*Held*, that in the absence of such stipulation the holders were not entitled to the remedies given only by the amending act.

On March 18, 1878, the general assembly of Kentucky passed an act, vol. 1, p. 554, c. 483, authorizing the county of Taylor to compromise its debts and issue new bonds of the county not exceeding in amount $125,000, and also authorizing the Circuit Court, in case of a judgment on any of such bonds and a refusal by the county within thirty days to levy a tax sufficient to pay it, to make an order based on the last previous assessment levying a tax and appointing a collector. On February 27, 1882, an amendatory act was passed increasing the issuable amount to $150,000, providing that any judgment rendered thereon should constitute a lien on all the real and personal property in the county subject to taxation, and also that, if the court rendering the judgment should be of opinion that such serious obstruction was likely to be offered as would materially delay the enforcement of the judgment, it should refer the matter to a commissioner with instructions to ascertain and report the amount proportionally necessary for the holders or owners of any such property to pay in order to raise

promptly a sum sufficient to pay the judgment. Personal judgments were authorized against the parties found to be the owners of property within the limits of the county, to be enforced by executions as other personal judgments. Section 10, vol. 1, c. 306, p. 558, reads as follows:

"Sec. 10. The bonds to be issued under the act to which this is an amendment shall, on their face, stipulate that the holders of any of them, or any coupon thereof, shall be entitled to the remedies for the collection of the same herein, and in the act to which this is an amendment, provided for."

Bonds were issued by the county, some of which passed into the possession of the plaintiff, who brought suit and obtained judgment against the county in the Circuit Court of the United States for the District of Kentucky.

The bonds did not contain the stipulation referred to in section 10, but did contain the following recital:

"This is one of an issue amounting in all to $125,000, authorized by an act of the general assembly of the Commonwealth of Kentucky, approved March 18, 1878."

Each bond also bore the following endorsement:

"Issued by authority of an act of the general assembly of the State of Kentucky, approved March 18, 1878."

On application for further relief the Circuit Court awarded to the plaintiff the benefit of the special provisions of the amendatory act of 1882, but the Circuit Court of Appeals held that he was not entitled to them. 50 C. C. A. 435; 112 Fed. Rep. 718. Thereupon the case was brought here on certiorari. 186 U. S. 485.

*Mr. W. O. Harris* for petitioner:

Statutes affording substantially similar remedies for enforcement of municipal bonds have been sustained in *Stansell* v. *Levee Board*, 13 Fed. Rep. 846; *Supervisors* v. *Rogers*, 7 Wall. 175. In more recent cases involving local assessments for streets and sewers it is held that notice by publication is due process of law. *Lent* v. *Tillson*, 140 U. S. 316; *Paulsen* v.

*Portland,* 149 U. S. 30. In the case at bar it is not disputed that the three weeks' notice by publication, required by section 5 of the amended act, was properly given.

Section 10 of the act was only intended to make the bonds attractive to purchasers and was directory and not mandatory. *French* v. *Edwards,* 13 Wall. 506; *Lyon* v. *Alley,* 130 U. S. 185; *Erhardt* v. *Schroeder,* 155 U. S. 129. Where the ordinary remedies have proved ineffectual to coerce payment of a former issue of bonds the remedy given by this statute was just and as inexpensive as could be devised. There are precedents for this course. *Supervisors* v. *Rogers,* 7 Wall. 175; *Thompson* v. *Allen County,* 115 U. S. 559; *Stansell* v. *Levee Board,* 13 Fed. Rep. 846. As to the question of repeal it is sufficient to say that the remedy afforded by the act was a part of the contract and was beyond the reach of repeal. *Seibert* v. *Lewis,* 122 U. S. 284; *Seibert* v. *United States,* 129 U. S. 192. *Oshkosh* v. *Oshkosh,* 187 U. S. 437, distinguished. And see *O'Mahoney* v. *Bullock,* 97 Kentucky, 774; *Pearce* v. *Mason County,* 99 Kentucky, 364; *Covington* v. *Highlands,* 24 Ky. Law Rep. 433. Sections 1839 and 1840, Kentucky statutes do not work a repeal when sections 465 and 907 are considered.

The validity of the tax cannot be affected by the name of the writ or paper under which the officer acts. *Turpin* v. *Lemon,* 187 U. S. 51. As to whether plaintiff was real owner of bonds judgments against corporations are conclusive upon their stockholders. Morawetz on Corporations, sec. 619; Angell & Ames, sec. 629. The act of 1882 was not contrary to the Kentucky constitution distributing the powers of the government. *Pennington* v. *Woolfolk* 79 Kentucky, 16, distinguished. The act conferring power upon the county court of assessing delinquent taxes was proper although the court could levy assessments without such an act. *Thompson* v. *Allen County,* 115 U. S. 559; *McLean County* v. *Brent,* 81 Kentucky, 254; *Baldwin* v. *Hewitt,* 88 Kentucky, 673; *Grand Rapids Co.* v. *Trustees,* 102 Kentucky, 556.

The debt of the county became the debt of the individual citizens. *Supervisors* v. *Rogers,* 7 Wall. 175; *Stansell* v. *Levee Board,* 13 Fed. Rep. 851; *Eames* v. *Savage,* 77 Maine, 212; *S. C.,* 52 Am. Rep. 751; Morawetz, secs. 618, 619; Angell & Ames, sec. 629; *United States* v. *Johnson,* 6 Wall. 6.

*Mr. Ernest Macpherson* for respondent:

I. Respondent does not oppose the payment by the county of the bonds, nor imposition of just assessments. It objects to proceedings by the county court distributing the assessment unjustly and without respondent being heard.

The remedy given in the act is statutory only and a court acting thereunder is limited in its powers by the statute. *E. T. Va. & Ga.* v. *Southern Tel. Co.,* 112 U. S. 306. A tax not assessed as provided by law cannot be enforced. Cooley on Taxation, 2d ed. 429; *East Tenn. &c.* v. *Morristown,* 35 S. W. 771; *Clegg* v. *State,* 42 Texas, 609; *People* v. *Cent. Pac. R. R. Co.,* 83 California, 398.

II. The assessments were made in violation of the uniformity and equality provisions of the Kentucky constitution. Const. sec. 171. *Holzhauer* v. *City of Newport,* 15 Ky. Law. Rep. 188. A levy in excess of the proportionate amount necessary is unlawful. *Porter* v. *Rockford &c. R. R.,* 76 Illinois, 564; *Commonwealth* v. *Hamilton Mfg. Co.,* 12 Allen (Massachusetts), 300. The excessive levies were not by error but by design to compel a few to pay the whole debt. A statute is mandatory which limits the amount of taxes. Cooley on Taxation, 2d ed. 429; *Commonwealth* v. *Savings Bank,* 5 Allen, 428; *Huse* v. *Merriam,* 2 Greenl. 375; *Case* v. *Dean,* 16 Michigan, 12; *C. N. O. & T. R. R. Co.* v. *Commonwealth,* 81 Kentucky, 509.

III. "Due allowance" for delinquencies does not authorize imposition of entire debt on a few taxpayers. *Ryerson* v. *Boorman,* 8 N. J. Eq. 705; *Rees* v. *Watertown,* 19 Wall. 119.

IV. The published notice was insufficient. Judgment given on publication can never exceed the relief demanded. *Vorce* v. *Page,* 44 N. W. Rep. 452. Against a person not named, it

is a nullity. *Hansen* v. *Klicha*, 78 Ill. App. 177. Notice could easily have been given personally. *Lot Two* v. *Swetland*, 4 Greene (Iowa), 465; *Lent* v. *Tillson*, 140 U. S. 316, 326; *Paulsen* v. *City of Portland*, 149 U. S. 30, 40. Demand was essential and could not be omitted. *United States* v. *Pacific R. Co.*, 4 Dillon, 71; *Cones* v. *Wilson*, 14 Indiana, 465; *Thatcher* v. *Powell*, 6 Wheat. 126.

V. Where an affirmative statute directs a thing to be done in a new manner it cannot be done in any other manner. *Cook* v. *Kelly*, 12 Abb. Pr. 35; *Commissioners* v. *Gains*, 3 Brew. 396.

VI. Purchasers of municipal bonds are bound by the statute therein recited and may not invoke any other statute without bringing themselves within its terms. *McClure* v. *Town of Oxford*, 94 U. S. 429; *Crow* v. *Oxford*, 119 U. S. 215; *Gibson* v. *Dayton*, 123 U. S. 59.

VII. The act of 1882 had been repealed before this action was commenced. Const. sec. 59; secs. 1839, 1840, Kentucky Statutes; sec. 907, Statutes, does not apply.

VIII. The Civil Code of Kentucky, secs. 474 to 477, gives petitioner a complete remedy by mandamus. *Elliott* v. *Kitchen*, 14 Bush, 289; *Thompson* v. *Allen County*, 115 U. S. 550; *League* v. *Texas*, 184 U. S. 156; *Seibert* v. *Lewis*, 122 U. S. 192.

IX. In absence of actual service of process the personal judgment is void. *Graham* v. *Sublett*, 6 J. J. Marshall, 45; *Harris* v. *Adams*, 2 Duvall, 141; *Berry* v. *Berry*, 6 Bush, 594; *Woodside* v. *Dowell*, 13 Ky. Law Rep. 141.

X. Respondent had no right to sue not being owner of coupons but simply a transferee for purposes of obtaining jurisdiction. *County of Lake* v. *Dudley*, 173 U. S. 243.

XI. The act of 1882 violated the constitution of Kentucky in giving legislative power to the courts. Const. secs. 27, 28; *Pennington* v. *Woolfolk*, 79 Kentucky, 16; *McLean County* v. *Depont Bank*, 81 Kentucky, 254; *Slaughter* v. *Louisville*, 89 Kentucky, 121; Cooley on Taxation, 238; *Cin. &c. R. R.* v. *Commonwealth*, 81 Kentucky, 497; *Baldwin* v. *Shine*, 84 Ken-

tucky, 514; *Interstate C. C.* v. *Brimson,* 154 U. S. 485. The highest court of the State decides whether the method pursued in tax assessments is legal. *Bailey* v. *Magwire,* 22 Wall. 215. The act of 1882 was void under the due process clause of the Fourteenth Amendment and therefore could not be sustained by any state decisions. *Mex. Cent. R. R. Co.* v. *Pinkey,* 149 U. S. 194. Appearance or service is necessary to confer jurisdiction. *Kendall* v. *United States,* 12 Peters, 524; *Harris* v. *Hardemon,* 14 How. 334.

XII. The respondent's motion to set aside the judgment was proper procedure. *United States* v. *Wallace,* 46 Fed. Rep. 569.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

Conceding, without deciding, that both acts of the general assembly of Kentucky were in all respects constitutional and valid, and that the proceedings of the Circuit Court were in strict compliance therewith, we notice only the single question of the effect of the omission from the bonds of the stipulation required by section 10, as well as of any reference to the amendatory act, and are of opinion that the omission is fatal to the special relief provided for in that act.

There is nothing in the nature of things nor in the terms of the two acts which prevents the parties, the county and the recipient of the bonds, from contracting for solely the remedies provided in the original act. The latter act provided remedies not in lieu of but in addition to those given by the former. There is nothing on the face of the bonds to indicate that either of the parties had in contemplation the provisions of the amendatory act. On the contrary, the bonds in terms state that they are of an issue amounting to $125,000, authorized by the original act. As the amendatory act authorized the issue of $150,000, and as no reference is made to that act, the language of the bond plainly excludes it as

the basis of authority, and therefore as plainly implies that the remedies by that act were not contracted for by the county.

We need not stop to inquire what would be the effect of a recital on the face of the bonds that they were issued under the authority of the amendatory act, or whether such recital would obviate the necessity of complying with the provisions of section 10, for there is no reference to such act, and the bonds on their face do not purport to be issued under its authority. So that the question is whether the plaintiff, in the absence of any such stipulation as is required by section 10, without any reference in the bonds to the amendatory act, and when they purport to be issued under the authority of the original act, can avail himself of the remedies not provided for by the original and only granted in the amendatory act.

Much is said in the opinion of the Court of Appeals as well as in the briefs of counsel as to the difference between a directory and a mandatory provision, the plaintiff claiming that section 10 is simply directory, while the defendant insists that it is mandatory. In that opinion these authorities are cited:

"'By directory provision,' says Judge Cooley, 'is meant that they are to be considered as giving directions which ought to be followed, but not as so limiting the power in respect to which the directions are given that it cannot effectually be exercised without observing them.' Cooley's Constitutional Limitations, star page 74.

"Lord Penzance, in *Howard* v. *Bodington*, L. R. 2 P. Div. 211, after commenting on the difficulty of gathering any rule from the cases, said: 'I believe, as far as any rule is concerned, you cannot safely go further than that in each case you must look to the subject-matter; consider the importance of the provision that has been disregarded, and the relation of that provision to the general object intended to be secured by the act, and upon a review of the case in that aspect decide whether the matter is what is called imperative or directory.'"

Without attempting to state any general rule, if indeed one

such exists, for distinguishing between a directory and a mandatory provision, it is sufficient to say that when a statute provides an extraordinary remedy to the holder of bonds containing an express stipulation that he "shall be entitled" to that remedy, it should not be adjudged that he is also entitled to it in the absence of such stipulation, for it is a reasonable presumption that if the county in issuing the bonds intended to contract for such extraordinary remedy it would have complied with the express provisions of the statute and incorporated the stipulation into the bonds. That the authority in this amendatory act to proceed directly against the several owners of property in the county is not an ordinary remedy for the collection of bonds is true of the State of Kentucky and generally of the States of the Union. Indeed, the original act gave something more than the ordinary remedy, and when the amendatory act provides for what it must be conceded is under the circumstances an extraordinary remedy it would seem reasonable to hold that all of the provisions of the statute which grant such remedy should be complied with before it can be considered as contracted for.

We are of opinion that the Court of Appeals did not err, and its judgment is

*Affirmed.*

MR. JUSTICE WHITE and MR. JUSTICE McKENNA concur in the result.

MR. JUSTICE HARLAN, MR. JUSTICE BROWN and MR. JUSTICE PECKHAM dissent.