**WALTER v. PENNINGTON, Prohibition Administrator, et al.**

District Court, W. D. Pennsylvania. March 26, 1928.

No. 1948.

1. **Intoxicating liquors** ⊂⇛106(2)—**Permit may be revoked only for acts committed during its term (National Prohibition Act, tit. 2, § 9 [27 USCA § 21]).**

In National Prohibition Act, tit. 2, § 9 (27 USCA § 21), requiring the Commissioner to cite a permittee for hearing if he has reason to believe the permittee "is not in good faith conforming to the provisons of this act," and giving him power to revoke the permit if charges are established, the language is in the present tense, and refers to acts of the permittee during the term of the permit then in force, and it may not be revoked for acts done prior to its issuance.

2. **Intoxicating liquors** ⊂⇛108(1)—**Proceedings for revocation of permit must be brought "immediately" after notice of violation (National Prohibition Act, tit. 2, § 9 [27 USCA § 21]).**

The provision of National Prohibition Act, tit. 2, § 9 (27 USCA § 21), that, if the Commissioner has reason to believe that a permittee is not in good faith conforming to the provisions of the act, he shall "immediately" issue a citation, is mandatory, and revocation of a permit on a citation issued 2½ months after the Commissioner had knowledge of the acts charged therein *held* unauthorized.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immediately.]

In Equity. Suit by Peter G. Walter against John D. Pennington, Prohibition Administrator, and another. Decree for complainant.

Ward Bonsall, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., for defendants.

THOMSON, District Judge. This matter is before the court on reargument, raising a question of jurisdiction not argued on the original hearing. The case, briefly stated, is as follows:. Peter G. Walter, for several years prior to 1927, was a retail druggist in Pittsburgh, and held a permit for the sale of liquors for medicinal purposes. The permit for 1926 expired on December 31st of that year. On application duly made for a 1927 permit, the same was granted; the plaintiff receiving it on January 28, 1927.

On May 6, 1927, the plaintiff was cited by the prohibition administrator to show cause why such permit should not be revoked. It was charged against the plaintiff, in support of the citation to revoke, that the plaintiff had violated the National Prohibition Act (27 USCA) and regulations promulgated thereunder by dispensing, in a large number of cases, more than one pint of whisky 'to the same person within the period of ten days. After hearing the permit was revoked. On review obtained by the plaintiff, the Board of Review confirmed the revocation.

The plaintiff thereupon filed a bill, alleging that the order of revocation was arbitrarily and wrongfully made, and praying for a review by the court of the decision so made. The defendants answered the bill, and the matter was heard by the court. Following the hearing, the court filed an opinion confirming the action of the prohibition administrator and revoking the permit, dismissing the bill. The matter is now before the court on an order granting the plaintiff a reargument, and involves only a question of law.

Turning to the court's opinion, we find certain crucial facts to have been established by the evidence, which are not now in dispute, and on which the decision of the legal question depends. These are, first, that the order of revocation is based on violations occurring prior to 1927, no violations of law being shown under the permit of 1927; second, that the administrator had presumptive knowledge of the violations of law prior to 1927, through the filing of reports, from time to time, in the office of the prohibition administrator, and had definite knowledge of such violations as early as February 19, 1927; third, notwithstanding this knowledge, no proceeding for revocation of the permit was commenced until May 6, 1927.

It is now urged, on reargument, that under these facts the administrator was without power to revoke the permit, and that under plaintiff's bill the order of revocation should have been reversed and set aside, and the permit restored. The power of revocation of a prohibition permit granted to the Commissioner rests solely on section 9 of title 2 of the Prohibition Act (27 USCA § 21). This power is not conferred in any other part of the act, nor in any other law of the United States. Such power might have been withheld altogether by Congress, in which case the annual liquor permits would have been irrevocable during the term. While the permittee would have been subject to the high penalites prescribed for violations of law occurring during his permit, in the absence of section 9, the permit would not thereby have been terminated.

It is apparent, therefore, that, this grant

of power of revocation resting solely on the statute, the provisions of the statute must be strictly pursued. The applicable portion of section 9 reads as follows:

"* * * If the Commissioner has reason to believe that any person who has a permit is not in good faith conforming to the provisions of this act, * * * the Commissioner or his agent shall immediately issue an order citing such person to appear before him. * * *"

[1] In the first place, it is clear, from the language used, that the dereliction or failure of duty which is made the basis of a proceeding to revoke is that the "person who has a permit is not in good faith conforming to the provisions of this act." This language, particularly the word "conforming," clearly refers to the action of the permittee under the present permit, and has no reference to his failure or dereliction under prior permits. These might well be considered by the Commissioner on application for the grant of a permit, where the fitness of the applicant, his prior conduct, his reputation, and other matters might all be of value in aiding the Commissioner in reaching a proper conclusion. But these matters of the past are not made conditions of the right of revocation. This power can be brought into exercise only when "the Commissioner has reason to believe that any person who has a permit is not in good faith conforming to the provisions of this act."

[2] In attempting to exercise this power of revocation, the Commissioner must follow strictly the provisions of the statute. Here there is no uncertainty of terms. Reason to believe that the permittee is not in good faith conforming to the provisions of the act requires immediate action on the part of the Commissioner. The words are mandatory. The clear meaning of the word "shall" is made conspicuously imperative by the use of the word "immediately." It is not for the officer or for the court to inquire as to the wisdom of this provision. It is all-sufficient that Congress has so provided. If a reason were necessary, it might be found in the fact that the Commissioner had already passed upon and granted the permit, presumably after full information, and under its sanction the permittee is conducting the business authorized by the permit. It is only reasonable, therefore, that the status so fixed and the rights so acquired should not be lightly set aside; and, if it is felt that a valid reason exists for revocation, immediate action should be taken to try that question, on full opportunity to be heard.

25 F.(2d)—57½

In this case, whatever reasons led the Commissioner to believe that the plaintiff was not in good faith conforming to the provisions of the act, they were based on definite information received not later than February 19, 1927. The mandatory provision of the statute required him to issue an order of citation immediately, if he sought to revoke the permit. Instead of this, he waited from February 19th to May 6th, over two months and a half, before instituting proceedings. This was in direct violation of the mandatory provision of the statute, rendering the proceedings invalid and the order of revocation nugatory and void.

The cases are so uniform in holding that the requirements in a statute granting a power to public officers are mandatory, and must be strictly complied with, otherwise their jurisdiction and power are lost, that citation of them is scarcely necessary. The Attorney General held in an opinion that the word "shall," immediately preceding the word "immediately" in section 9, is mandatory. In his opinion he used these words:

"Whenever a statute declares that a thing shall be done the natural and proper meaning is that a peremptory mandate is enjoined. But where the thing has reference to (a) the time or formality of completing any public act, not being a step in litigation, or accusation, the enactment will generally be regarded as merely directory, unless there be words making the thing done void if not done in accordance with the prescribed requirements."

While this opinion is specially applicable as referring to the very words involved in this case, they are only in harmony with the general principle enunciated in a multiplicity of cases. Among others might be cited Hubbert v. Campbellsville Lumber Co., 191 U. S. 70, 24 S. Ct. 28, 48 L. Ed. 101; French v. Edwards, 13 Wall. (80 U. S.) 506; Lyon v. Alley, 130 U. S. 177, 9 S. Ct. 480, 32 L. Ed. 899; Harris v. Mercur, 202 Pa. 313, 51 A. 969; In re O'Rourke, 9 Misc. Rep. 564, 30 N. Y. S. 375; and Franklin Glass Co. v. White, 14 Mass. 286.

From these considerations it follows that the order of this court, under date of December 29, 1927, dismissing the plaintiff's bill and confirming the order of revocation of the administrator, is vacated and set aside, and the order revoking the plaintiff's permit is reversed and set aside, and the permit granted to the plaintiff is restored. A formal order may be drawn accordingly.

GIBSON, District Judge, concurs.