592

GIBSON HOWELL CO., Inc., v. HELVER-
ING, Commissioner of Internal
Revenue et al.
No. 5978.

Circuit Court of Appeals, Third Circuit.
Nov. 25, 1935.

Harold Simandl, of Newark, N. J., for appellant.

Samuel Cohen, of Newark, N. J., for appellees.

Before DAVIS and THOMPSON, Circuit Judges, and KIRKPATRICK, District Judge.

DAVIS, Circuit Judge.

This is an appeal from an order refusing a temporary injunction to the appellant, the Gibson Howell Company, Inc., hereinafter called the Gibson Company.

For many years this company has been engaged in manufacturing and distributing pharmaceutical preparations, cosmetics, toilet supplies, etc., in Jersey City, for which it requires considerable specially denatured alcohol. In 1934, it filed a petition for reorganization and in due time Abraham Strauss and John G. Woltjen were appointed trustees of the company. On October 4, 1934, a plan of reorganization was filed, and Louis A. Greenberg advanced the money necessary to effect the reorganization. On November 13, 1934, the court approved the plan. New directors and officers were elected for the company, and new shares of stock were issued to its stockholders which it is alleged numbered more than 1,000.

After the petition for reorganization had been filed (but before the plan for reorganization was filed), application for a permit for 1935 was signed and filed by Woltjen, as trustee. It was stated in the application that the business of the company would be carried on under Woltjen and not as before. Woltjen, it is alleged, has not been discharged and is still trustee of the company.

On December 15, 1934, after the newly elected officers had been installed, the Supervisor of Permits issued to the company a permit, which, at the request of the Supervisor, was amended on June 24, 1935. Specially denatured alcohol was withdrawn by the company as allowed by the permit until August 15, 1935, when the Supervisor attempted to terminate the permit by a letter, as follows:

"August 15, 1935
"Gibson Howell Co., Inc., 140–142 Cator Avenue, Jersey City, N. J.

"Gentlemen: Investigation by this office has disclosed that there has been a sale and transfer of the business in connection with which the permit activities are conducted, which has resulted in a transfer of your control and management.

"The provisions of your permit provide that such change and transfer shall terminate this permit. You are advised that your permit, SDA–NJ–591, is hereby terminated.

"You are requested to file a formal application setting out the details of the change in the management and control of your business, giving a complete list of officers and stockholders and persons having any interest whatsoever in your operations. You will be advised as to any action taken by this office on said application immediately upon completion of investigation on the same.

"Very truly yours,
"John D. Pennington,
"District Supervisor."

The letter of the Supervisor was based upon the provisions of paragraph 6 of the permit and article 24 of Regulations 3, entitled "Change of Persons Interested in Business."

Paragraph 6 of the permit provides: "That the permit privileges hereby granted shall not be transferred, and in case of sale or transfer of the business in connection with which the permit activities are conducted, the permittee must submit to the Supervisor a statement under oath, showing the name and address of the purchaser, and any other person directly or indirectly interested in the enterprise, the amount paid for the business, the balance due, if any, and how secured. That, if permittee is a corporation any sale, pledge, or other disposition of its corporate stock which results in transferring the control and management of the business of the corporation shall terminate this permit. That, if permittee is a partnership, the sale of a partnership interest shall be deemed to be a sale or transfer of the business."

Article 24 of Regulations 3 provides: "Any change in the proprietorship of an industrial-alcohol plant shall terminate the permit as provided for in stipulation 6 of Article 10."

Stipulation 6 of article 10 contains the same provisions as paragraph 6 of the permit.

After the Supervisor had thus by letter terminated the permit for an alleged change in the management and control, the company filed a bill in the District Court wherein it prayed for a temporary injunction restraining the Supervisor and Commissioner of Internal Revenue from interfering with the withdrawal of specially denatured alcohol under the permit pending final determination of the cause. The court refused to issue a restraining order, and the company appealed to this court.

It is alleged in the bill and not denied in the answer or otherwise that the refusal to allow the withdrawal of specially denatured alcohol by the company in accordance with the terms of the permit would result in irreparable damage; that in fact it would ruin the company.

The single issue in this case is whether or not the Supervisor or Commissioner could terminate the permit by letter without recourse to the procedure provided in section 9 of title 2 of the National Prohibition Act, which was re-enacted in the Liquor Law Repeal and Enforcement Act of August 27, 1935. Title 27, section 156 U.S. C.A.

The gravamen of the Commissioner's complaint is that the permittee did not disclose to him the change in the management and control of its business as required by regulation. The act provides that if any person "has willfully failed to disclose any information required by regulation to be furnished, or has violated any law of the United States or of any State, Territory, or possession of the United States or of the District of Columbia relating to intoxicating liquor, the Commissioner or his agent shall immediately issue an order citing such person to appear before him on a day named not more than thirty and not less than fifteen days from the date of service upon such permittee of a copy of the citation, which citation shall be accompanied by a copy of such complaint, or in the event that the proceedings be initiated by the Commissioner, with a statement of the facts constituting the violation charged, at which time a hearing shall be had unless continued for cause." If it be found at the hearing that such person has "willfully failed to disclose any information required by regulation to be furnished, or violated any law of the United States relating to intoxicating liquor, or willfully violated any law of any State, Territory, or possession of the United States or of the District of Columbia relating to intoxicating liquor, such permit shall be revoked, and no permit shall be granted to such person within one year thereafter."

In order to carry out the purpose of the National Prohibition Act (27 U.S.C.A. § 1 et seq.) or the Liquor Law Repeal and Enforcement Act (27 U.S.C.A. § 151 et seq.), it may be a wise and reasonable regulation to require a permittee to notify the Supervisor immediately of any transfer which effects a change in the control and management of its business. The failure or refusal to do so may be a sufficient reason to revoke a permit. If it is, resort must be had to the procedure provided in the statute for the revocation of permits. While authority has been conferred upon the Commissioner to make reasonable rules and regulations for the proper enforcement of the act, Congress has not conferred upon him the authority to set aside, repeal, or supersede the specific provisions which it has enacted for the revocation of permits. They may be terminated by expiration, voluntary surrender, or revocation, but when terminated by revocation, the Commission-

er must employ the procedure expressly provided by Congress for so doing, and give the permittee its day in court, for this procedure is exclusive. Walter v. Pennington (D.C.) 25 F.(2d) 904; Campbell v. Galeno. Chemical Co., 281 U.S. 599, 50 S.Ct. 412, 74 L.Ed. 1063; Campbell v. W. H. Long & Company, 281 U.S. 610, 618, 50 S.Ct. 415, 74 L.Ed. 1070.

What a hearing before the Supervisor will disclose is not before us. We cannot prejudge the case, but the damage done and to be done to the permittee because of the failure of the Commissioner to follow the procedure provided by Congress for the revocation of permits is grave and irreparable. The learned District Judge fell into error because he did not issue a temporary injunction until the Supervisor proceeded according to law to revoke the permit. American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L. Ed. 90. We are constrained to reverse the order of the District Court refusing a temporary injunction, with instructions to grant a temporary injunction and to take such further proceedings as may be proper and not inconsistent with this opinion.