**CAPITOL WINE & SPIRIT CORPORATION
v. BERKSHIRE, Deputy Com'r of Internal Revenue, et al.**

**No. 130.**

Circuit Court of Appeals, Second Circuit.

July 16, 1945.

Harry G. Herman, of New York City, and R. E. Joyce, of Washington, D. C., for petitioner.

Herbert Borkland and Matthias N. Orfield, Sp. Assts. to Atty. Gen., for respondents.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Capitol Wine & Spirit Corporation, a New York corporation organized in 1933, has engaged in the business of importing and selling intoxicating liquors. In 1934 it obtained an importer's basic permit issued by the Administrator of the Federal Alcohol Control Administration and a wholesaler's basic permit issued by the Wholesaler's Code Authority under the National Industrial Recovery Act, 48 Stat. 195. In 1935 Congress passed the Federal Alcohol Administration Act, 27 U.S.C.A. § 201 et seq. Under this Act the Corporation obtained wholesaler's basic permit No. P-4205, upon an application dated January 28, 1936. Thereafter, in October 1943, in a proceeding instituted under section 4(e) (3), 27 U.S.C.A. § 204(e) (3), permit No. P-4205 was revoked by the district supervisor on the ground that it was procured through fraud or misrepresentation or concealment of material fact. An application for reconsideration was denied in December 1943, and both orders of the district supervisor were affirmed by the deputy commissioner of Internal Revenue in charge of the Alcohol Tax Unit on March 17, 1944. The

present petition, brought under 27 U.S.C.A. § 204(h) asks this court to set aside the aforesaid orders annulling the wholesaler's basic permit of the petitioner.

■ The first contention is that because the petitioner held an importer's basic permit on May 25, 1935, it was entitled as of right to a wholesaler's basic permit and, therefore, it is immaterial whether such permit was procured through fraud or misrepresentation or concealment of material facts in petitioner's application for it. This court rejected a similar contention in Thomas J. Molloy & Co. v. Berkshire, 2 Cir., 143 F.2d 218, certiorari denied 323 U.S. 802, 65 S.Ct. 559, and we see no reason to reconsider our decision.

The petitioner's permit was annulled on the basis of findings that its application therefor misrepresented or concealed the interests in the company of Louis Pokrass, Charles D. Cook and Harry Davis; that Cook was stated to be the owner of less than 10% of the stock, whereas in fact he owned one-third of the company; that the persons named as stockholders were not the true owners but held their shares on behalf of hidden owners who, with the exception of Cook, were not named; that the application did not state that all the stock was transferred to voting trustees who held it for the benefit of persons not disclosed in the application; that it was falsely stated that none of the officers and stockholders had any experience pertaining to the manufacture and distribution of intoxicating liquors whereas in fact two of the real owners of the company, namely, Cook and Davis, were engaged in illicit liquor operations during the Prohibition era; and that Cook's conviction of a felony less than five years before the date of the application was concealed. The statute provides, 27 U.S.C.A. § 204(h) that the administrative findings as to the facts, "if supported by substantial evidence, shall be conclusive."

■ This is the usual statutory phrase with respect to the findings of administrative tribunals. In arguing that it demands more than fair preponderance of the evidence, as required in the ordinary civil trial, the petitioner adopts a meaning quite at odds with the Congressional intent to make administrative findings of fact immune from judicial reversal unless they are so unreasonable as to appear arbitrary. As was said of the phrase in Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.

Ed. 126, "It means such revelant evidence as a reasonable mind might accept as adequate to support a conclusion." It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict. National Labor Relations Board v. Columbian Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660; see Stern, Review of Findings of Administrators, Judges and Juries: A Comparative Analysis, 58 Harv.L.Rev. 70, 72-79. So judged the petitioner's contention that the findings are not supported by "substantial evidence" must fail.

The deputy supervisor found that Cook, Davis and Pokrass were the actual owners of the corporation and that the stockholders of record, Weisman, Mrs. Cook, Mrs. Pokrass, Spiegel and Ripstein, whose names were listed in the application for permit were merely nominal stockholders. The testimony of Investigator Hurley as to admissions made to him by Cook, Davis and Weisman supported these findings. It is significant that neither Cook nor Davis took the stand to deny Hurley's testimony. See Interstate Circuit, Inc. v. United States, 306 U.S. 208, 227, 59 S.Ct. 467, 83 L.Ed. 610. Other evidence in the record, which need not be recited, tends to corroborate the supervisor's conclusions. We have already held that the disclosure of "dummy" stockholders will not suffice. Thomas J. Molloy & Co. v. Berkshire, 2 Cir., 143 F.2d 218, certiorari denied 323 U.S. 802, 65 S.Ct. 559.

■ Since Cook was found to be the beneficial owner of one-third of the stock, the failure to disclose that he had been convicted of a felony within five years before the application was plainly ground for revocation of the permit. See 27 U.S.C.A. § 204(a) (2) (A). In May 1932 he pleaded guilty to an indictment charging him with illegally transporting a quantity of intoxicating liquor, "to wit 12 bottles Champagne, 12 bottles Chateau Marganix, 12 bottles Vermouth, 36 bottles Old Tom gin, 24 bottles of Johnny Walker Scotch Whiskey, and 12 bottles White & McKay Highland Scotch Whiskey, more or less, * * *." He was sentenced to a fine of $500 and the cars in which the liquor was transported were ordered forfeited. Under the Jones Act, 45 Stat. 1446, as amended, the illegal transportation of a gallon or less of intoxicating liquor was a misdemeanor and the illegal transportation of more than a gallon was a felony. In Aderhold v. Pace, 5 Cir., 65 F.2d 790, it was held that the indictment ought to allege

whether the sale or transportation involved a gallon, or less, or more than a gallon. The petitioner argues that the indictment to which he pleaded guilty did not charge the transportation of more than a gallon because it does not specify the size of the bottles and concludes the enumeration of them with the phrase "more or less." The quoted phrase allows only a small latitude of variation in number. See Brawley v. United States, .96 U.S. 168, 172, 24 L.Ed. 622; United States v. Republic Bag & Paper Co., 2 Cir., 250 F. 79, 80. The notion that the contents of 108 bottles, "more or less", of wines and whiskeys did not contain more than a gallon is surely fantastic. Assuming they were all "fifths" there would be more than 20 gallons.

Since concealment of Cook's felony is alone sufficient to justify the annulment of the permit, we need not consider the additional findings of the district supervisor. Nor is it necessary to discuss several minor contentions of the petitioner. None of them in our opinion is meritorious.

Orders affirmed.