**ROUMANIAN AMERICAN WINERY, Inc., v. MORGENTHAU, et al.**

**No. 6.**

Circuit Court of Appeals, Second Circuit.

Nov. 30, 1945.

Proceeding on application of Roumanian American Winery, Inc. for a wine producer's and a wholesaler's basic permit under 27 U.S.C.A. § 204 (a) (2) (B). From an order of the deputy commissioner of internal revenue in charge of the alcohol tax unit denying petitioner's application, petitioner appeals, opposed by Henry Morgenthau, Jr., Stewart Berkshire, deputy commissioner, and others.

Alfred D. Van Buren, of New York City, for appellant.

Arthur A. Alexander, of Washington, D. C., for appellees.

Before L. HAND, SWAN and FRANK, Circuit Judges.

PER CURIAM.

This case presents the single question whether there was evidence before the District Supervisor which supported his findings (affirmed by the Deputy Commissioner), that (1) the petitioner was not likely to maintain operations in conformity with Federal law; and that (2) it had concealed the financial interest of one, Jacob Stein, in the business for which it asked licenses. Upon the first point the facts are conceded. On numerous occasions before April, 1943, the petitioner had violated the regulations which govern the production of wine. A compromise was then reached between it and the officials charged with supervising its operations; and a promise not to repeat the violations "might well be implied" from what it said; but it did not perform this promise. Its defence to its repeated later violations is that, because these were violations of regulations only, they were not evidence that it was not likely "to maintain * * * operations in conformity

with Federal law" § 204(a) (2) (B), 27 U. S.C.A. That argument is entirely without substance; "Federal law" of course includes any regulations promulgated by lawful authority. Moreover, a confirmed violator, whether deliberate or not, is not likely to mend his ways after he has been given one reprieve without success.

Upon the second point the evidence was ample to support the conclusion that Jacob Stein had never parted with any interest in the business, or, at least, with all his interest. The motive for concealment was proved and the devices adopted were of the conventional sort. It is not necessary to consider the details; we could scarcely have failed to reach the same conclusion ourselves, had the decision been ours; but, even if we could, certainly we cannot say that the Deputy Commissioner's inference was an unreasonable one. Capitol Wine and Spirit Corporation v. Berkshire, 2 Cir., 150 F.2d 619.

Order affirmed.