In re Jennie W. MARTIN'S RETAIL LIQUOR
LICENSE NO. 1517.

No. 4025.

District Court, Alaska.  Second Division.  Nome.
Oct. 2, 1954.

See also, 15 Alaska 225.

Russell R. Hermann, U. S. Atty., Nome, for petitioner.
Collins & Clasby, Fairbanks, for respondent.

HODGE, District Judge.

This cause comes before the Court upon motions of the licensee to dismiss the complaint of the United States for failure to state therein a claim upon which relief can be granted, under the provisions of Rule 12(b), Fed.Rules Civ.Proc. 28 U.S.C.A.; and in the alternative to strike each paragraph of the complaint setting forth grounds for such relief as immaterial and redundant, under the provisions of Rule 12(f).

The complaint prays that the licensee be ordered to show cause, if any, why a retail liquor license issued to her for the year 1954 should not be revoked for the causes alleged, upon which Order to Show Cause was issued. Such complaint charges four separate counts, or grounds for revocation of the license, in substance as follows:

*First:* That the licensee falsely stated in her application for said license that no person or persons other than the applicant had any direct or indirect interest in the business to be covered by the license, although she knew her son owned a one-half interest in the business and was a co-partner in said business.

*Second:* That the licensee conducts the business of purchase and sale of ivory curios on the same premises occupied for the purpose and sale of intoxicating liquor, contrary to the provisions of Section 35–4–21, Sub-sec. (G), A.C. L.A., and contrary to statements made in her application.

*Third:* That the licensee made sales of intoxicating liquor through an agent at Diomede Island, Wales, and Teller, Alaska, contrary to the provisions of said sub-section, and to statements in her application for said license.

*Fourth:* That the licensee made sales of more than five wine gallons of intoxicating liquor to one person in one day, contrary to the provisions of said sub-section.

The Government relies in its complaint and brief upon the authority of sections 35–4–14 and 35–4–21(A), A.C. L.A., being portions of the 1937 Act of the Legislature,

Ch. 78, S.L.A.1937, as amended, regulating the manufacture and sale of intoxicating liquors in Alaska, the applicable portions of which are as follows:

"§ 35-4-14. *Filing, form and contents of application: False statements in application.* All applicants for licenses mentioned herein shall file with the Clerk of the District Court an application in writing, signed and sworn to by the applicant, giving his name and address, and, if a corporation, executed by the duly authorized officers thereof, containing the following:

"(1) Kind of license desired;

"(2) A description of the place for which the license is desired, giving address by street and number, or other information, so that the location can be definitely determined;

"(3) A statement of the citizenship or corporate qualifications of the applicant;

"(4) The necessary license fee;

"(5) (As am. Ch. 131, S.L.A.1953) Together with the consent of two-thirds of citizens over the age of twenty-one years, residing within one mile of the place where the intoxicating liquor or liquors are to be manufactured, bartered, sold and exchanged, or bartered, sold and exchanged (applicable only to applications for licenses outside of incorporated towns; five references substituted as to applications within such towns by Sec. 35-4-13). * * *

"That if any false material statement is made in any part of such application the applicant or applicants shall be deemed guilty of perjury and upon conviction thereof shall be subject to the penalty provided by law for the crime of perjury.

"That should it appear to the District Court that any of the statements above enumerated required

in the application are untrue at the time of application for such license, such application shall be denied.

"That should it appear to the District Court *after* the granting of such license that *any of the statements above enumerated and required to be made in the application are untrue,* it shall be the duty of the Court to forthwith enter an order revoking such license and all license moneys deposited by the applicant shall be thereby forfeited to the Territory * * *." (Italics added.)

"§ 35–4–21. *Classification of licenses: Rights and duties of licensees: Amount of fees.* The following licenses may be obtained from the Clerk of the District Court:

"(A) Beverage dispensary licenses: (Bond: Penalties: Revocation: Employees: Existing licenses:) A Beverage Dispensary license shall give to the holder thereof the right to sell or serve on the premises beer, wine and hard liquors for consumption on the premises only. Provided, however, that the premises for which such license is issued shall not be connected by doors or otherwise with premises covered by any other license issued under these regulations; and provided further, that the sales under Beverage Dispensary Licenses are limited to less than five wine gallons to any one person in any one day. (Here follows provision as to license fee and bond required.)

"The Judge of the District Court for the Territory of Alaska is hereby empowered and authorized to revoke *any license hereafter granted,* as well as those now issued. Complaints for revocation of licenses *under this Act* shall be filed by the U. S. Attorney, his assistants or any Federal or any Territorial Enforcement Officer. Such com-

plaints shall be filed with the Clerk of the U. S. District Court. Upon such complaint being filed, duly verified, the U. S. District Judge shall issue an order to show cause against the licensee and upon hearing the same, or upon default of the licensee, the said Judge shall issue his judgment and order in the matter.

"Penalty for violation of *any of the provisions of this Act* shall be as follows:

"For the first violation, the licensed premises shall be closed for a period of forty-five (45) days;

"For the second violation, the licensed premises shall be closed for a period of ninety (90) days;

"For the third violation, the bond shall be forfeited, the license cancelled and the premises abated for one year for use as a beverage dispensary." (Italics added.)

No other provision is made in the Act or numerous amendments thereto for revocation or forefeiture of licenses granted except Sub-section (1), Section 35–4–15, relating to all types of licenses, prohibiting the sale of any intoxicating liquors to any person under the age of twenty-one years, to any intoxicated person, or to any habitual drunkard, which specifically provides that the drinking of intoxicating liquors on the premises covered by any license by any of the forbidden classes shall be cause for revocation of such license, which statute is inapplicable here.

The Government also relies, with respect to the violations complained of in paragraphs II, III, and IV of the complaint, upon Section 35–4–21(G), as follows:

"(G) *Retail licenses:* A Retail License shall give to the holder thereof the right to sell in his establishment intoxicating liquors, including beer and wine, in the original packages and wine in bulk. * * * The consumption of any intoxi-

cating liquor on the premises under this license is prohibited. Provided, however, that the premises for which such license is issued shall not be connected by doors or otherwise with premises upon which any other business is conducted. Sales under a Retail License shall be limited to less than five wine gallons to any one person in any one day. * * * "

The sufficiency of the allegations contained in the first charge with respect to false statements alleged to have been made by the licensee in her application as to financial interest will first be considered. The licensee contends that section 35–4–14 does not apply for the reason that such statement regarding financial interest of any other person in the business is not required to be made by the statute, which lists other requirements. This contention was effectively answered by Judge Anthony J. Dimond in the case of In re Alaska Labor Trades Ass'n, D.C., 10 Alaska 472, in which it is held that such a statement has long been a part of a printed form of application prepared by a former judge of this court, Hon. Simon Hellenthal, shortly after the Act went into effect, and used without known protest during all of the intervening years; and is required under the doctrine of "Contemporaneous construction of the law." 10 Alaska at page 490. Reference to the records of this court, of which the Court may take judicial notice, discloses that the same form of application is used in this Division for applications covering all types of liquor license. This application contains the following statement:

"Applicant declares: * * * That no person or persons other than the applicant has any direct or indirect financial interest in the business for which this license is sought; that he or she will superintend in person, the management of the business and if any other person is employed to manage the same, that he or she will have the qualifications of an applicant and that applicant

will be responsible for the proper conduct of the business:" * * *.

The Alaska Labor Trades Association case involves the denial of an application for a liquor license, but appears equally applicable to a proceeding to revoke a license. Subsection (D), Sec. 35–4–16, entitled "Qualifications of licensees", expressly provides that

"No person or persons, other than the licensee, shall have any direct or indirect financial interest in the business for which the license is issued".

If the statement had been found to be false at the time of granting the license or the applicant found not qualified by reason of the financial interest of another, the license would not have been granted. Sec. 35–4–14. And it is held that where the license should never have been granted for reasons such as fraud, or want of compliance with statutory requirements, the licensing authority has inherent power to revoke it, as improperly issued. Schireson v. Shafer, 354 Pa. 458, 47 A.2d 665, 165 A.L.R. 1133, and Annotations at pages 1137, 1141. U. S. v. Bordenelli, D.C., Third Division, 15 Alaska 88.

A false statement in an application for liquor license that the applicant is the only person interested is held so material to its issuance as to warrant revocation, under statutes authorizing revocation of a license in case any of the material statements are false. Annotations 165 A.L.R. 1154; Middlesboro Liquor & Wine Co. v. Berkshire, 77 U.S.App.D.C. 88, 133 F.2d 39; Molloy & Co. v. Berkshire, 2 Cir., 143 F.2d 218; Capitol Wine & Spirit Co. v. Berkshire, 2 Cir., 150 F.2d 619.

In view of the above there appears ample authority to sustain the complaint for revocation of the license as to paragraph I.

A different situation appears with regard to the other three charges in the complaint. All of the acts complained of are alleged to have occurred after the issuance

of the license. Paragraph II alleges that the licensee presently "conducts" the business of purchase and sale of ivory curios on the same premises in violation of the law regulating the conduct of such business; Paragraph III alleges violations during the months of March to June 1954; paragraph IV alleges other violations in May and June of 1954. The complaint proceeds upon the theory contended for by the United States Attorney that the conduct charged in paragraph II is contrary to her application wherein she states that the licensed premises are not connected by doors or otherwise with premises upon which any other business is conducted, and therefore that such statement is now false. Similarly, as to paragraph III it is contended that sales outside of the place of business designated by her in the application are contrary to such application and therefore such statement is now false. No such claim is made as to the acts complained of in paragraph IV. It is argued that if any of such statements "has later appeared to be untrue" the license may be revoked under the provisions of the last quoted paragraph of Section 35–4–14.

The logic of this position cannot be sustained. A distinction is made in all of such legislation between revocation of a license for fraud or irregularity in obtaining it and for misuser or violation of law after granting it. Middlesboro Liquor & Wine Co. v. Berkshire, supra; Annotations 165 A.L.R. 1138. The intent of the Legislature as to the provisions of such section obviously relates only to the former, and not to acts committed after the issuance of the license. It is conceded that the licensee did not conduct such sale of curios on the premises or make such sales outside of the premises at the time the application was filed. It can hardly be said that such later acts in effect made her application false. The words "are untrue" refer to the *statements* made, and relate back to the time of the application, as to fraud or misrepresentation of fact or other misconduct occurring before or at the time of its filing, or issuance of the license. Annotations 165 A.L.R. 1141, 1153,

1163, 1164; 48 C.J.S., Intoxicating Liquors, § 175, p. 282. The truthfulness of the statements must be judged as of the time of making the application. Annotations 165 A.L.R. 1157.

■ The Government also contends that these charges and that alleged in paragraph IV are causes for revocation of the license under the provisions of Sub-sec. (A) of Section 35-4-21, even though appearing in the Compiled Laws with reference only to Beverage Dispensaries,—particularly by reason of the language underscored above providing for complaints for revocation of license "under this Act", and penalty of closing or abatement for violation of "any of the provisions of this Act". That such was not the intention of the Legislature is clearly indicated by three factors: (1) The provision for revocation was not included in the original enactment of this section, being Sub-sec. (A) of Section 13, Ch. 78, S.L.A.1937, but first appears (except for the penalty provided) as an amendment to such Subsection in Ch. 70, S.L.A.1939. This Act is entitled:

"An Act To amend Chapter 78, Session Laws of Alaska, 1937, defining the sale of intoxicating liquor in beverage dispensaries."

The penalty clause was added as an amendment by Ch. 83, S.L.A.1947, specifically amending paragraph 2 of Sub-sec. (A) of Sec. 13. (2) Such claimed intent is negatived by the language of the last paragraph relating to penalty for a third violation, that "the bond shall be forfeited," which bond is required only as to beverage dispensaries; and the further language: "and the premises abated for one year for use as a beverage dispensary." (3) A previous liquor license act for beer and wine only, Ch. 71, S.L.A.1933—repealed 1935, upon which the present Act appears to be largely modeled, contained a specific provision, Sec. 14, for proceedings for revocation of any license for any false statement in any application for license "or for any other violation of this Act", which is not included in the 1937

Act. The words "this Act," in Sub-section (A) as amended, must therefore be held to refer to the Act of 1939.

Penalties for violation of any of the provisions of the Act of 1937 as a misdemeanor, including violation of Sec. 35–4–21(G), are provided by Sec. 35–4–20, A.C.L.A. We are not here concerned as to the reason underlying the distinction made in penalties provided as to retail liquor licenses and the additional penalty of revocation or closure provided as to beverage dispensaries, as ably argued by counsel for the licensee in his brief, but suffice it to say that such reasons logically exist and that no such provision was made. No cause of action for revocation of license issued for a retail liquor store may therefore be based upon this section.

As to paragraph IV, the United States Attorney further maintains in his brief (p. 9) that

"A license is a license to do certain things within restrictions set by the Legislature. When that which is licensed is used for purpose forbidden by the license, it has been abused and should be revoked."

But it is not alleged or contended that such license was issued subject to any express conditions, nor upon any general condition that the licensee will not thereafter violate any of the laws regulating the sale of intoxicating liquor.

The question then arises as to whether this Court, independent of express statutory provision, has inherent power to revoke a liquor license granted by it, for misconduct or violation of law unconnected with the application for license.

There is authority to the effect that there is no vested right in a liquor license, which may be revoked for violation of an express condition therein, or violation of laws regulating the business licensed. Some State courts have taken the view that liquor licenses are mere temporary permits to do that which otherwise would be unlawful, issued in the ex-

ercise of police power and subject to direction of the Government, which may revoke them as it sees fit. But the general rule is that such licenses may be revoked only by legislative authority, which must be strictly pursued. Annotations 124 A.L.R. 541, 165 A.L.R. 1139, 1140; 30 Am. Jur. 330, pars. 145–147; Wallace v. City of Reno, 27 Nev. 71, 73 P. 528, 63 L.R.A. 337, 103 Am.St.Rep. 747; State Board of Equalization of California v. Superior Court, 5 Cal.App.2d 374, 42 P.2d 1076; Walter v. Pennington, D.C.Pa., 25 F.2d 904; Gibson Howell Co. v. Helvering, 3 Cir., 80 F.2d 592.

A liquor license may be revoked or suspended for a cause and in the manner provided by statute, the power of making the revocation or suspension being generally vested by statute in the officer or court which granted it, as incidental to the granting power. 48 C.J.S., Intoxicating Liquors, § 174, p. 277. And where the causes for revocation are enumerated by statute a license may be revoked for these causes only, unless the statute also authorizes a revocation for other good and sufficient cause. 48 C.J.S., Intoxicating Liquors, § 175, p. 282; In re Lyman, 160 N.Y. 96, 54 N.E. 577; 33 Am. Jur. (Licenses generally) 382.

See also, In re Naka's License, D.C., 9 Alaska 1, in which it is held that the court had jurisdiction to revoke a license issued under the previous license law (Ch. 71, S.L.A.1933) under the "express power" conferred by said Act; and conversely, Pincus v. Kall, Sup., 29 N.Y.S.2d 586, in which statute construed and held not to confer on the court authority to make an order revoking a liquor license.

No sufficient claim appearing in the causes alleged in the last three enumerated paragraphs of the complaint upon which the relief sought can be granted, such allegations appear to be immaterial and redundant. For this reason it is not necessary to decide other questions raised in the extensive briefs of the parties, including the meaning of the term "other business" referred to in Sec. 35–4–21(G).

The motions of the Licensee to dismiss the complaint and to strike paragraph I of the complaint are denied; the motion to strike paragraphs II, III, and IV of the complaint is granted.  Order may be submitted accordingly.