**Kyong Sun McMAHON, dba Marin Wine Cellar, Petitioner,**

v.

**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, UNITED STATES DEPARTMENT OF the TREASURY, Respondent.**

No. 84–7388.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 1985.

Decided April 24, 1985.

Edward M. Chen, Charles R. Breyer, Coblentz, Cahen, McCabe & Breyer, San Francisco, Cal., for petitioner.

Federic Freilicher, Washington, D.C., for respondent.

Before MERRILL, HUG, and SKOPIL, Circuit Judges.

PER CURIAM:

Petitioner Kyong Sun McMahon appeals from the Regional Regulatory Administrator's denial of her application for a basic permit to import wine and wholesale it in

the United States. We affirm the Order of the Administrator.

## I

■ The Administrator's denial was based on two grounds. First, the Administrator concluded that petitioner had willfully concealed material facts in her permit application. This finding was supported by substantial evidence. McMahon failed to disclose that she had been in the retail wine business, that she had been a massage parlor owner, and that she had been convicted of a misdemeanor. The Administrator found that the omissions were either negligent or intentional; he noted that petitioner had owned businesses that were subject to police or administrative inspection and required applications and licenses or permits and that she had competent legal and accounting advisors available to her.[1]

The finding of willful concealment is not undermined by petitioner's allegation that 27 C.F.R. § 1.26 was not followed. The Administrator reasonably concluded that the Bureau of Alcohol, Tobacco, and Firearms had complied with 27 C.F.R. § 1.26 by giving petitioner an opportunity to correct any errors or omissions in her application. At the administrative hearing, an agent testified that she had reviewed the application with the petitioner and had specifically asked petitioner about her prior employment, arrest record, and source of business funds.

The second ground for the Administrator's denial was the conclusion that petitioner, because of her prior business experience was "not likely to ... maintain ... operations in conformity with Federal law." 27 U.S.C. § 204(a)(2)(B). In 1980, petitioner's massage parlor permit was suspended by the Permit Board. The permit was then granted subject to seven conditions. Petitioner was then arrested for failure to com-

---

**1.** That the Administrative Law Judge who initially heard the case came to a different conclusion regarding the willfulness of the omissions is not dispositive. The Administrator's findings were based on circumstantial evidence rather than upon credibility determinations, rendering

irrelevant the argument that special credence is given to the credibility findings of the Administrative Law Judge. *See NLRB v. Warren L. Rose Castings, Inc.,* 587 F.2d 1005, 1007–08 (9th Cir. 1978).

ply with one of the conditions. She accepted a diversion program. Later in that same year she was again arrested for failure to comply with the same requirement. Petitioner's allegation that her infractions are not of the type against which § 204(a)(2)(B) was designed to guard ignores the importance of her repeated offenses. In *Roumanian American Winery, Inc. v. Morgenthau*, 152 F.2d 452 (2d Cir.1945), the petitioner had violated regulations concerning the production of wine. After reaching an agreement with officials that he would comply with the regulations, the petitioner continued to commit the same violations. The court held that the rejection of the petitioner's application was permissible, stating that "a confirmed violator, whether deliberate or not, is not likely to mend his ways after he has been given one reprieve without success." 152 F.2d at 453.

## II

█ The Administrator found the testimony of an associate of petitioner not credible, noting that the associate "is living with the applicant in what appears to be an adulterous relationship...." Petitioner claims that the Administrator's consideration of her personal lifestyle violated her constitutional rights to privacy and association. It appears, however, that the Administrator determined that the associate's intimate relationship with petitioner adversely affected his credibility. This is a valid basis for making a credibility judgment. *See United States v. Wood*, 550 F.2d 435, 441 (9th Cir.1976).

Judgment affirmed.